# Jacob F. Sheaffer, Appellant, *v.* George R. Sensenig and Andrew F. Frantz.

*Trespass—Trover and conversion—Damages.*

In an action of trespass in the nature of trover and conversion for the wrongful taking of cattle, where the defendants allege that the plaintiff received the cattle as their bailee to feed and care for, under an agreement by which they had a right to take the cattle at any time, while the plaintiff alleges that the cattle were delivered to him as a purchaser, if the defendants establish their allegations, plaintiff is entitled to recover nothing, as an action in trespass will not lie for feeding and caring for the cattle.

*Promissory notes—Evidence to explain note—Contract—Parol evidence—Declarations.*

Parol evidence is admissible to explain a receipt, an entry in a bank book or account book, or to show the purpose for which a note was given.

In an action of trespass to recover damages for the alleged wrongful taking of cattle, where the plaintiff claims that he acquired possession of the cattle as a purchaser, and defendants claim that his possession was merely that of a bailee, it is competent for the defendants to explain certain notes which the plaintiff gave them when he received the cattle, as well as a memorandum made by them at the same time, and such testimony does not modify a written contract; and declarations of the plaintiff to the effect that he was satisfied with what the defendants had done are admissible as corroborative of the defendants' claim respecting the agreement under which the cattle were received by the plaintiff.

Argued May 21, 1897. Appeal, No. 188, Jan. T., 1897, by plaintiff, from judgment of C. P. Lancaster Co., Dec. T., 1890, No. 4, on verdict for defendants. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for the alleged wrongful taking of cattle. Before LIVINGSTON, P. J.

The following memorandum furnished by defendants to plaintiff, was offered in evidence by plaintiff and admitted:

| | | | | | |
|---|---|---|---|---|---:|
| To sales | 44 Cattle | 38,975 lbs. | . | . | $1,198.83 |
| | | *Cr.* | | | |
| By Notes | $703.30 and $353.20 | | . | . | 1,056.50 |
| " Feed bill | . | . | . | . | 34.56 |
| " Commission | . | . | . | . | 44.00 |
| " Balance | . | . | . | . | 63.77 |
| | | | | | $1,198.83 |

The facts appear by the opinion of the Supreme Court, and by the charge of the court below, which was as follows :

Plaintiff alleges, and has produced some evidence for the purpose of showing you that he had, about the middle of January, 1889, in his stables in the city of Lancaster, forty-four head of feeding cattle, which he had purchased in November, 1888, from Sensenig & Frantz, the defendants, and which were his property absolutely ; that about the middle of January, 1889, while he was the owner and possessor of these forty-four head of cattle as his own property, and being so possessed, he as owner kept them on his premises and in his stable ; that the defendants, knowing that said cattle were his property and in his possession, with force and arms, wrongfully and unlawfully, broke into plaintiff's stable, and with intent to defraud said Sheaffer took and drove away these cattle and converted or appropriated them to their own use, and refused to return them to Sheaffer, or suffer him to retake possession of them ; and by reason of the unlawful taking and appropriation of these cattle they have been a total loss to him, and for that reason he has sustained damage to the amount, as he tells you this morning, by his calculation, of $405.06. On the other hand, Sensenig & Frantz allege, and have offered some evidence to you for the purpose of showing you, that he was not the owner of them absolutely ; that about the middle of November, 1888, Mr. Sheaffer came to their drove yard where they sold cattle, and stated he had feed going to waste at his distillery that he could not utilize, and they agreed that he should have so many cattle to feed as he could feed ; what benefit he put upon them was to be his ; the property in the cattle and ownership of them to remain in Sensenig & Frantz, the defendants. They told him the price of the cattle, and when they sold them, and deducted all charges and discounts ; he should have the balance for the feed, and he took the cattle under that agreement ; that he did not buy the cattle outright or absolutely from them, but took them for feed only ; and they had a right to remove them, take them away at any time they chose. This is the statement of the parties themselves as to each side of the case. Much more was said. You will have to consider it all from the testimony. [The main question here is whether at the time these cattle were taken from Sheaffer's stable (because there is no question as to the

fact these men did take them from the stable) they belonged to Sheaffer absolutely or were the property of the defendants. If they were Sheaffer's property absolutely, then the defendants, having taken them and appropriated them to their own use, would be liable in damages for their value at the time taken, with interest up to this day. If they were not Sheaffer's cattle, but belonged to Sensenig & Frantz, the title was in them, and they had a right to go and take them when they chose, as they claim, then your verdict would have to be for defendants, because they were exercising a right which they had, and there is no trespass in it. This is the main point in the case: Whether or not these cattle were owned by Mr. Sheaffer, absolutely his own, when they took them. If they were, he is entitled to damages for the value of the cattle.] [1]

I will not recapitulate the testimony to you. You have heard it all and listened very carefully to it; heard it explained by counsel on either side according to their standpoints and their view and judgment of it. You must make up your own judgment from the evidence, after carefully weighing it all.

They have, on each side, presented points to us, which, in their judgment, covers the law, and ask us to answer these points in your presence, which we will now proceed to do, taking the points of the plaintiff first.

1. The evidence in the case shows a sale of the cattle by the defendants to the plaintiff. *Answer :* Whether or not the evidence shows a sale of the cattle is a question of fact for the jury to decide, and we refer it to the jury. It will be for you to say, from the whole evidence, whether there was an absolute sale of these cattle from the defendants, Sensenig & Frantz, to Sheaffer. [2]

2. The testimony of the plaintiff as to an absolute sale of the cattle by the defendants to him is corroborated and sustained by the written evidence in the case, viz: by paper marked " J. B. L.," dated Nov. 17, 1888, and " J. B. L., No. 1," dated Nov. 7, 1888, the dates of the sales signed by defendants and by the entries of sales of cattle on same dates in the defendants' sale book. The testimony of the defendants is not sustained by any other testimony as to the sale or contract; therefore, under the evidence it must be found by the jury that the forty-four head of cattle in dispute were sold to plaintiff by the de-

fendants absolutely, and that said forty-four head of cattle were plaintiff's, Sheaffer's, property, when the defendants took them out of his stable. *Answer:* The jury will say from all the evidence including that referred to in this point, whether or not there was an absolute sale, and whether or not the cattle were Sheaffer's when defendants took them out of plaintiff's stable. [3]

3. The defendants' book account, to wit: their sales book of 1888–89, made at the time the cattle was sold, shows that the cattle were sold, and not let out by contract, and the defendants are governed by their own entries in their book account. *Answer:* The jury have heard the entry in the book read. Plaintiff's counsel contends that it shows an absolute sale. The evidence of defendants is that it shows a letting out by contract. The jury will, from the whole evidence, ascertain and state whether or not it shows an absolute sale. [4]

4. If the cattle of Sheaffer were wrongfully seized by the defendants, and the defendants assumed dominion over them, Sheaffer, the plaintiff, is then entitled to recover substantial damages, even if no pecuniary damages were proved to have been sustained. *Answer:* If there was an absolute sale of these cattle to Sheaffer, and at the time they were taken by Sensenig & Frantz, they were actually Sheaffer's cattle and not theirs, then Sheaffer would be entitled to recover damages, and such damages as would be equal, to the value of the property so taken, at the time taken, it never having been returned to him. [5]

5. Even if the plaintiff was only a bailee of the cattle in suit, and the defendants were the owners thereof, if the defendants took the cattle wrongfully, the plaintiff is entitled to recover the value of his interest in them. *Answer:* The point is refused. Nothing can be recovered in this action for anything except for the unlawful taking of these cattle. If defendants owned the cattle and had a right to take them, there can be no recovery by the plaintiff in this action. There is no such thing mentioned in his declaration. [6] . . . .

The defendants present these points from their standpoint and ask us to answer them in your presence.

1. If the jury believe from the evidence in the case that the contract or agreement between Jacob F. Sheaffer, the plaintiff,

and George R. Sensenig and Andrew F. Frantz, the defendants, was, that the ownership or title to the cattle should remain in the defendants until the cattle were paid, and that the defendants had a right to take the cattle, the verdict must be in favor of the defendants. *Answer:* Affirmed. It is what we said to you in the general charge. [7]

2. If the jury believe that Jacob F. Sheaffer, plaintiff, ratified and confirmed the taking of the cattle and the sale of them bv Sensenig & Frantz, the verdict must be for defendants generally in this case, and the plaintiff cannot recover in this action, even the balance that may be due to him. *Answer:* Affirmed also. He might have a claim against them for the feed, but he could not recover it in this case. There is nothing of the kind charged in his declaration, and the point doesn't arise in the case. [8]

3. If the jury believe the testimony of George R. Sensenig and Andrew F. Frantz that they were to have the right to take the cattle away at any time they wished, the verdict must be in their favor in this action, no matter whether there is still a balance due Sheaffer or not on a settlement between them. *Answer:* That we affirm also for the same reasons. [9]

[Now, gentlemen of the jury, we have given you our views of this case of the law of it. You are to decide the facts, and take into consideration all the testimony bearing on either side. If you find there was an absolute sale of this property to Jacob F. Sheaffer in November, that he was the sole owner of these cattle when they were taken, then you should find a verdict in his favor for the amount claimed. If you find they were not sold absolutely, but were let on feed, and that the defendants, Sensenig & Frantz, had a right to take and remove them under their contract when they chose, and they did so remove them, your verdict must be for the defendants.] [10]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* among others were (1–10) above instructions, quoting them.

*B. F. Davis*, for appellant.—The contracts in suit, if construed as receipts, " show the terms of the bargain ", and are, therefore, sufficient proof of written contracts : Smith & Fleck's App., 69 Pa. 474.

The delivery of the cattle to Sheaffer under these contracts and the acceptance of his notes in payment passed the title to the cattle: Hutchinson v. Com., 82 Pa. 472; Winslow v. Leonard, 24 Pa. 14; Shaw v. Levy, 17 S. & R. 99; 1 Benjamin on Sales (4th Am. ed.), 246; Clason v. Bailey, 14 Johnson, 484; Merritt v. Clason, 12 Johnson, 102.

The court below should have instructed the jury that there was an absolute sale of the cattle in suit by defendants to plaintiff, and that he was the owner thereof when defendants took them: Farmers' & Drovers' Bank v. Fordyce, 1 Pa. 454; Miller v. Henderson, 10 S. & R. 290; Thorne v. Warfflein, 100 Pa. 519; Hill v. Gaw, 4 Pa. 493; Anspach v. Bast, 52 Pa. 356; Hacker v. National Oil Refining Co., 73 Pa. 93.

The evidence was insufficient to change the written instruments: Juniata Bldg. Assn. v. Hetzel, 103 Pa. 507; Phillips v. Meily, 106 Pa. 536; Jackson v. Payne, 114 Pa. 67; Jones v. Backus, 114 Pa. 120; English's App., 119 Pa. 533; Hallowell v. Lierz, 171 Pa. 577; Jessop v. Ivory, 158 Pa. 71.

The evidence on both sides shows that plaintiff got lawful possession of the cattle with defendants' consent: Chambers v. Bedell, 2 W. & S. 225; Blake v. Jerome, 14 Johns. 406; Heermance v. Vernoy, 6 Johns. 4.

The plaintiff was at least entitled to recover nominal damages: Murphy v. Fond du Lac, 23 Wis. 365; Addison on Torts (Wood's ed.), 562.

This is an action of tort; a fraud cannot be ratified. If Sheaffer's position is correct, it involves moral turpitude on the part of the defendants. If Sheaffer told the truth, and his contracts would seem to corroborate his statements, the offense of the defendants was little short of larceny, and their claim of ownership of the cattle is about all that would excuse them of that offense. A crime cannot be ratified: McHugh v. County of Schuylkill, 67 Pa. 391; Shisler v. Vandike, 92 Pa. 447; Clough v. Clough, 73 Maine, 487.

*Thomas Whitson* and *J. Hay Brown,* with them *W. U. Hensel,* for appellees, cited Smith v. Cohn, 170 Pa. 135; Hobart v. McCoy, 3 Pa. 422.

OPINION BY MR. JUSTICE McCOLLUM, October 11, 1897:

In this case the defendants are charged with having taken

from the plaintiff's stable, and appropriated to their own use, forty-four head of his cattle. The defendants admit the taking but deny that the plaintiff was the owner of the cattle or that in taking them they were trespassers. It is undisputed that whatever right or interest the plaintiff had in the cattle at the time of the alleged trespass he acquired by the agreement or contract with the defendants under which they were delivered to him in November, 1888. The defendants allege that the plaintiff received the cattle as their bailee, while he alleges that they were delivered to him as a purchaser of them. The defendants further allege that they were authorized by their agreement with the plaintiff to take any or all of the cattle they had delivered to him whenever they saw fit to do so, and were required by it, on their sale of the cattle, to compensate him for feeding and caring for them, in accordance with its terms. A specification of the terms or measure of compensation is unnecessary, because it is not considered of any importance in the decision of the issue made by the pleadings. If the plaintiff was the sole owner of the cattle, the taking of them by the defendants being admitted, he was entitled to recover in this action the full value of them. If, on the other hand, he was merely a bailee of the cattle, and the defendants were authorized by the agreement under which he received them to take possession of and sell them whenever they thought best he was not entitled to recover anything in it. In such case if the defendants refused to compensate him for care and feed, as they ought and had engaged to, his proper remedy was an action on the agreement for the breach of it. This was the view taken of the case by the court below, and in it we concur. It regards the issue between the parties as involving a question of fact determinable by the jury on the evidence in the case. What was the transaction between the parties? Was it a sale of the cattle or a bailment of them, with a right in the defendants to resume possession of them when they pleased to do so? In support of his claim the plaintiff testified distinctly that he bought the cattle from the defendants and gave to them his notes in payment of the price agreed upon. The testimony of the defendants was equally positive and clear that the plaintiff was a mere bailee under an agreement which acknowledged their ownership of the cattle and their right to take any or all of them into their possession

at any time. The notes given by the plaintiff to the defendants at or about the time the cattle were delivered, and the memorandum made by the defendants in connection with the transaction, were, unexplained, corroborative of the plaintiff's claim. But the defendants' explanation of the memorandum, of the use to be made of the notes and of the terms on which they were given, materially impaired their corroborative force. The testimony explanatory of these matters was competent. It was not intended to, and it did not, modify a written contract. Parol evidence is admissible to explain a receipt, an entry in a bankbook or account book, or the purpose for which a note was given.

The defendants testified that the plaintiff on several occasions expressed himself as satisfied with what they had done, and five disinterested witnesses testified that he made statements or declarations to them, or in their presence, of the same nature and to the same effect. Whether the statements and declarations so made be regarded as evidence of ratification of, or acquiescence in, what the defendants had done, they were clearly and strongly corroborative of the defendants' claim respecting the agreement under which the cattle were received by the plaintiff.

The answer of the learned judge to the defendants' second point must be read in connection with the general charge. Before and after the answer in question, the jury were positively and emphatically instructed that if the plaintiff was the owner of the cattle he was entitled to their verdict for the value of them. The concluding words of the charge were: "If you find there was an absolute sale of the property to Jacob F. Shaeffer in November; that he was the sole owner of these cattle when they were taken, then you should find a verdict in his favor for the amount claimed. If you find they were not sold absolutely, but let on feed, and that the defendants, Sensenig and Frantz, had a right to take and remove them under their contract, when they chose, and they did so remove them, your verdict must be for the defendants."

Assuming that the answer to the defendants' second point admits of the construction contended for by the plaintiff, there is no reason to believe that the jury were misled by it. We are clearly of the opinion that in the light of the general instructions to the jury we ought not to reverse the judgment on the eighth assignment. The material questions raised by the spe-

cifications of error have been duly considered by us, and our conclusions respecting them are adverse tò the contention of the plaintiff. The other matters complained of need not be specifically discussed or noticed.

Judgment affirmed.