## John L. Moore *v.* William E. Phillips, Appellant.

*Evidence—Parol evidence to explain purpose of a note admissible—Accommodation paper—Burden of proof.*

Parol evidence is admissible to explain a receipt or entry in a bank book or account book, or to show the purpose for which a note is given.

Plaintiff sued to recover the amount paid by him to take up a note alleged to have been given as accommodation for defendant. Defendant claimed the note to have been given as payment for a horse sold by him to plaintiff. The court having charged the jury: "The plaintiff must convince you of the truth of his statement by the weight of the evidence, and his unsupported oath is not sufficient," defendant cannot complain.

Argued Dec. 9, 1897. Appeal, No. 153, Oct. T., 1897, by defendant, from judgment of C. P. Montgomery Co., March T., 1896, No. 132, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit. Before WEAND, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $328.53. Defendant appealed.

*Errors assigned* among others were (1) In refusing binding instructions for defendant. (2) In charging the jury as follows:

"Now I charge you that if that was the understanding and agreement between these parties at the time, that is, that no consideration passed from the defendant to the plaintiff and that the defendant agreed to take it up when it came due, then it would be one of the cases in which the plaintiff can explain the transaction; but in order to do so, he must convince you of the truth of his statement by the weight of the evidence, and his unsupported oath is not sufficient. But if the facts and circumstances surrounding the transaction add weight to the plaintiff's testimony, and corroborate him, then it will be sufficient for him to maintain his action." (3) In charging the jury as follows: "If you believe the plaintiff's testimony, that this was purely an accommodation note, and that Mr. Phillips promised to take it up when it became due, then he is entitled to recover; if on the contrary you believe Mr. Phillips' testimony, that the note was given in payment of the horses, then your verdict will be in favor of the defendant." (5) In overruling the objection of the defendant to the plaintiff's offer as follows: To prove by Robert J. Fox, a witness, as follows: "Plaintiff offers to prove by the witness that he was called in to Mr. Moore's place the day after the horses were delivered at Mr. Moore's; that one horse was suffering with lameness and the other had a very severe cold—horse grippe, for the purpose of showing at the time the horses were delivered they were unsound."

*M. M. Gibson*, with him *N. H. Larzelere*, for appellant.—The rule is that a chancellor invariably refuses to decree on the uncorroborated testimony of a single witness: Bank v. Thompson, 144 Pa. 393; Van Voorhis v. Rea Bros. & Co., 153 Pa. 19; Braithwait v. Renshaw, 13 Atl. Rep. 319.

*Henry M. Brownback*, for appellee.

OPINION BY ORLADY, J., February 19, 1898:

This suit was brought to recover a sum of money which the plaintiff alleged he had been obliged to pay for the defendant, by reason of being an accommodation maker for him on a note which the defendant refused to pay at maturity. The proceeds of the note had been received by the defendant, and its pay-

ment was refused by the maker on the ground that the note was given as a consideration for two horses, which the defendant had sold to the plaintiff about the date of the note.

The controlling fact in the case was whether the note had been given for the two horses, or, as an accommodation to Phillips by Moore.

The testimony was spiced with a horse deal between the parties, and, true to the record of such transactions, these litigants had very conflicting impressions as to the condition and quality of the animals.

The jury adopted the theory of the plaintiff in finding that he was an accommodation maker, and that he had not bought the horses.

The plaintiff did not contradict the note, which stood for what it was worth, but, the effect to be given it, the use to which it was to be put, and the purpose of its form were proper items of proof which do not in any way contradict or reform it. The suit was not on the note, it was used only as an item of evidence to fix the amount the plaintiff had paid: Tasker's App., 182 Pa. 122.

Parol evidence is admissible to explain a receipt, an entry in a bank book or account book, or to show the purpose for which a note is given: Sheaffer v. Sensenig, 182 Pa. 634. The defendant offered evidence to show a consideration for the note by a sale of the two horses, which proof was rebutted by the evidence of Moore as to the condition of the horses and the reason for giving the note.

The defendant should not complain of the standard of proof exacted by the charge of the court, as all that was required under the whole evidence was to place the burden on the plaintiff. Whereas, the court said, "he (the plaintiff) must convince you of the truth of his statement by the weight of the evidence, and his unsupported oath is not sufficient. But if the facts and circumstances surrounding the transaction add weight to the plaintiff's testimony, and corroborate him, then it will be sufficient for him to maintain his action:" Conmey v. Macfarlane, 97 Pa. 361; Holohan v. Mix, 134 Pa. 88.

The evidence complained of in the fifth, sixth, seventh and eighth assignments was properly received as contradictory of the testimony of the defendant, and the credence to be given it

by the jury would depend entirely on the manner of the witnesses and subject-matter of their testimony.

The assignments of error are overruled and the judgment is affirmed.