# Wharton *versus* Douglass.

1. Where evidence is offered as a whole and part of it is inadmissible, it is not error to reject the whole.

2. A written instrument may be modified by parol as to what passed between the parties at its execution in cases of fraud, mistake or trust.

3. Without proof or allegation of fraud, the terms of a promissory note cannot be changed or contradicted by parol evidence.

4. In an action of debt on a promissory note, evidence is not admissible, under the plea of "nil debet" and "set-off," that the plaintiff was indebted to the defendant on partnership accounts.

5. Anspach *v.* Bast, 2 P. F. Smith 356; Hill *v.* Gaw, 4 Barr 493; Russell *v.* Miller, 4 P. F. Smith 154; Sennett *v.* Johnson, 9 Barr 335, followed.

26 P. F. Smith—18

[Wharton *v.* Douglass.]

May 20th 1874.   Before Sharswood, Williams, Mercur and Gordon, JJ.

Error to the Court of Common Pleas of *Huntingdon county:* Of May Term 1874, No. 17.

This was an action of debt, brought December 31st 1869, by W. H. Woods, P. M. Bare, John Bare, and D. W. Woods, "for Samuel Douglass," against H. S. Wharton. The defendant pleaded "Nil debet and payment with leave," and afterwards added the plea of set-off. Subsequently, on motion of the attorney for the plaintiffs, the style of the plaintiffs was changed to "Samuel R. Douglass, holder."

The cause of action was the following note :—

"Huntingdon, Feb. 28th 1865.

"Sixty days after date I promise to pay W. H. Woods, P. M. Bare, John Bare, and D. W. Woods, or order, one thousand dollars, without defalcation for value received.

"H. S. Wharton."

(Endorsed)
        "John Bare,
          D. W. Woods,
          W. H. Woods,
          P. M. Bare."

This note afterwards became the property of P. M. Bare alone, and about April 1869 he transferred it to Douglass, in part payment of endorsements by Douglass for him, he being at that time insolvent.

The case was tried April 23d 1873, before Dean, P. J., when the foregoing facts appeared by the evidence.

The defendant testified that the note had been given on Bare's verbal promise to deliver to plaintiffs one share of the stock in the Porter Island Oil Company; he received one dividend and paid two assessments; he got a certificate of stock some time afterwards.

The defendant then made the following offer :—

"That at the time this note was given, P. M. Bare, from whom Douglass, the plaintiff, received it, and H. S. Wharton, defendant, were partners in the hoop-pole and stave business; that Bare came to Wharton's office at Huntingdon and requested Wharton to purchase a share in the Porter Island Oil Company, at the price of one thousand dollars; that Wharton was averse to purchasing; that Bare stated to Wharton he (Bare) was largely indebted to him (Wharton) in their partnership in the hoop-pool and stave business, and that Wharton could safely give his note at sixty days for the $1000, and pay the same out of the amount due from Bare in the partnership transactions in the hoop-pole and stave manufactory; that Wharton only signed and delivered the note on Bare's assurance that he would hold it, and present it as so much due

[Wharton *v.* Douglass.]

from Wharton in the settlement of their partnership accounts; that Bare did hold it until after maturity, and then transferred it to this plaintiff, to be followed by evidence that on a settlement of their partnership accounts Bare is indebted to Wharton in a sum greater than the amount of this note, and that at the time it was given he (Bare) was so indebted."

The offer was overruled, the court saying:—

" The pleas in this case are nil debet and payment with leave: assuming that defendant could give evidence of set-off under this plea, yet to establish his right to a set-off he must show that on a settlement of the partnership accounts of 'Bare and Wharton,' a balance is due him from Bare. He admits that these partnership transactions are long and complicated, and have never been settled finally. Whatever may be his remedy, or whatever may be the relief he is entitled to, he cannot obtain it under the plea of payment in this action. The equities of partners, the condition of their accounts, the rights of partnership creditors, would all have to be considered and determined in this case, before defendant's right to set-off could be ascertained. There is an appropriate form of action in which this can be done, but it is not this one; the evidence is therefore excluded."

A bill of exceptions was sealed for the defendant.

The court charged:—   *   *   *

" Defendant alleges, and plaintiff does not deny, that the note was transferred after maturity. This being the case, defendant further alleges that plaintiff took it subject to all the equities existing between the parties to it at the date of the transfer; that P. M. Bare is the real payee in the note; that he conducted the negotiations which resulted in the making and delivery of it; that after it was delivered, and before being transferred to plaintiff, Bare became the actual owner of it.   *   *   *

" We have ruled out the evidence relating to the alleged set-off or equitable defence, and it is not before you; the evidence of want or failure of consideration, is insufficient—fails to show want of consideration. This opinion of ours takes from your consideration the only disputable fact between these parties. The amount of the note, with interest to this date, it is conceded, is $1497, and for this amount we instruct you to render a verdict for plaintiff."

The verdict was for the plaintiff for $1497.

The defendant took a writ of error.

He assigned for error:—

2. The rejection of his offer of evidence.

3, 4, 5. The charge of the court.

*S. T. Brown,* for plaintiff in error.—A note taken after maturity is subject to the objections which might be made to it in the hands of the payee: Bower *v.* Hastings, 12 Casey 288; Hughes

[Wharton v. Douglass.]

v. Large, 2 Barr 103. The transfer of an over-due note will not defeat an agreement for set-off: Oulds v. Harrison, 24 L. J. Exch. 66; Collenridge v. Farquaharson, 1 Starkie 259. Parol evidence of acts and declarations of the parties at and about the time of the execution of a writing, is admissible to affect the contract, &c.: Rearich v. Swinehart, 1 Jones 238; Miller v. Fichthorn, 7 Casey 252.

*R. B. Petriken* (with whom was *W. H. Woods*), for defendant in error.—Parol evidence was not admissible to contradict the written contract contained in the note: Anspach v. Bast, 2 P. F. Smith 356; Hoare v. Graham, 3 Camp. 56; Moseley v. Hanford, 10 B. & C. 729; Woodbridge v. Spooner, 3 B. & A. 233; Mason v. Groff, 11 Casey 449; Hill v. Gaw, 4 Barr 493; Martin v. Berens, 17 P. F. Smith 493. The offer involved the settlement of a partnership account, which could be settled only in account render, and therefore could not be inquired into under a plea of set-off: Sennett v. Johnston, 9 Barr 337; Russell v. Miller, 4 P. F. Smith 164; Roberts v. Fitler, 1 Harris 266; Hughes v. Large, 2 Barr 104.

Mr. Justice MERCUR delivered the opinion of the court, October 5th 1874.

The record shows no fact of which to predicate the first assignment of error. It must therefore be disregarded.

The second assignment is to the rejection of the evidence covered by the bill of exceptions. The evidence was offered as a whole, and rejected as a whole. Hence if any part of it was inadmissible, there was no error in rejecting the whole: Sennett v. Johnston, 9 Barr 335. It is sometimes a little difficult to determine whether parol evidence should be received to contradict or vary the terms of a written instrument. It may be modified by parol evidence of what passed between the parties at the time of its execution, in cases of fraud, mistake or trust. Without proof or allegation of fraud, it has frequently been held that such evidence is not admissible to change or contradict the terms of a promissory note: Hoare et al. v. Graham, 3 Camp. 56; Moseley, Assignee, v. Hanford, 10 B. & C. 729; Free v. Hawkins, 8 Taunt. 92; Hill v. Gaw, 4 Barr 493; Anspach v. Bast, 2 P. F. Smith 356.

In the absence of fraud, the first part of the offer is in conflict with these cases; but the latter part is more clearly inadmissible. It involves an inquiry into many and complicated partnership transactions. That this cannot be done in this form of action is well settled: Sennett v. Johnston, *supra;* Russell v. Miller, 4 P. F. Smith 164. The learned judge was entirely correct in rejecting the evidence. We see no error in the record; therefore,

                                        Judgment affirmed.

Mr. Justice SHARSWOOD dissented.