## Callan *versus* Lukens.

1. To materially vary or contradict a written contract by evidence of a contemporaneous parol agreement, it must be alleged that the contract was executed on the faith of the parol agreement.

2. There is no rule that a supplemental affidavit of defence is to be confined to an explanation of the original, and cannot set up a new and different defence; such a course, however, is suspicious and requires that the new defence should be closely scrutinized.

February 12th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county* : Of January Term 1878, No. 157.

Covenant sur ground-rent deeds by Reuben Lukens, Jr., against Samuel Callan. The terre-tenant, one Calvert, filed an affidavit of defence, wherein he averred that on the 17th of August 1876, a building agreement was executed by plaintiff, defendant and deponent, wherein title to a property was vested in deponent, subject to certain ground-rents, which had been reserved in a prior conveyance to defendant; that under said agreement, deponent had erected certain houses for which he was to receive certain advances in accordance with said agreement; that deponent had receipted for the full amount due him, said receipt having been obtained by

[Callan *v.* Lukens.]

fraud and misrepresentation; that by reason thereof deponent was unable to finish said buildings, and lost by rents alone almost twice as much as would have paid the ground-rents. A rule for judgment for want of a sufficient affidavit of defence having been taken, the court ordered a supplemental affidavit to be filed, which was accordingly done, wherein it was averred that on the day the agreement was signed the deponent observed that the conditions·in regard to the payments were not properly stated, and demanded an additional clause should be inserted; that plaintiff alleged that it could not then be conveniently done, and as all the parties were present, if deponent would permit the papers to be executed, the payments should be arranged to his satisfaction. It was further averred that the walls of the building were not in the condition represented by plaintiff, and that at the instance of plaintiff, deponent had incurred additional expense in repairing them not contemplated by the agreement; and further that plaintiff had charged deponent $14 more for insurance than had been agreed upon.

The court entered judgment for want of a sufficient affidavit of defence, when the terre-tenant took this writ, alleging that this action was error.

*Thomas J. Diehl*, for plaintiff in error.—The defendant was entitled to set up the claims disclosed in his affidavit of defence against that of plaintiff: Act 1705, 1 Sm. Laws 49, 1 Purd. Dig. 487; Carman *v.* Franklin Ins. ·Co., 6 W. & S. 155; Speers *v.* Sterrett, 5 Casey 192; Hunt *v.* Gilmore, 9 P. F. Smith 450; Ellmaker *v.* Franklin Ins. Co., 6 W. & S. 439; Fairman *v.* Fluck, 5 Watts 516; Mangle *v.* Stiles, 7 Casey 72. The ground-rent deeds were created with a reference to the building agreement, and were it not expressly mentioned to be so in the agreement, the evident intention of the parties would leave little room for uncertainty upon this subject.

*Joseph M. Pile*, for defendant in error.—The province of a supplemental affidavit is to explain or define, when from the affidavit filed "the defence is set up in terms so general that the court cannot determine from the facts whether a defence exists:" 1 Tr. & H. Pract. 381.

The paper filed should, it is contended, have been stricken from the record. It supplied no defects and defined and explained nothing which was defectively averred in the first affidavit.

The judgment of the Supreme Court was entered March 17th 1879,

PER CURIAM.—We cannot agree with the learned counsel of the defendant in error, that a supplemental affidavit is confined to an explanation of the original and cannot set up a new and different

[Callan *v.* Lukens.]

defence. Such a course, however, is suspicious and requires that the new defence should be closely scrutinized. The original affidavit in the case before us was evidently drawn by the plaintiff in error, himself, or some unprofessional friend. The defence set up in it was plainly contradicted by the written agreement. The supplemental abandons this defence and sets up a new one founded upon a reform of the contract, but though it alleges an agreement at the time of executing the writing, it fails to allege that upon the faith of the new agreement the contract was signed. This is essential to the admission of parol evidence of an agreement to vary materially or contradict a written contract: Miller *v.* Henderson, 10 S. & R. 290; Boyd *v.* Bruce, 3 Phila. R. 206. No new agreement is, however, averred, but only a promise that the payments should be arranged to the satisfaction of affiant. How this shows any defence is not explained. The subsequent agreement alleged to have been made by the plaintiff below, to pay the expense of putting the walls in a proper-condition to build on was clearly without consideration. As to the $14 for insurance, affiant says that plaintiff charged him with it, but not that he paid it, either on account or otherwise. Taking the two affidavits together, we think they fail to made out any available defence in that clear and unambiguous manner which has always been required in such instruments.

Judgment affirmed.