## Thomas Lee *v.* Smith Longbottom, Appellant.

*Affidavit of defense—Partnership—Promissory notes.*

In an action upon a promissory note it appeared that plaintiff and defendant had been partners, and that defendant had given to plaintiff the note in suit for the interest in the partnership which he had bought from plaintiff. Defendant filed an affidavit of defense in which he averred that the note had been given under an agreement that it should be paid out of the profits arising from the business which plaintiff and defendant were carrying on; that plaintiff had filed a bill for the dissolution of the partnership and the appointment of a receiver, against the protest of defendant, and without any cause warranted by the condition of the business; that this action of the plaintiff injured the credit of the firm and defendant, and resulted in a loss to defendant largely in excess of the amount of the note, and rendered it impossible for him to acquire or receive the profits out of which the note was to be paid. *Held,* that the affidavit was insufficient to prevent judgment.

Argued Jan. 20, 1896. Appeal, No. 183, July T., 1895, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1895, No. 262, for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

· Rule for judgment for want of a sufficient affidavit of defense.

Plaintiff's statement was as follows :

This suit is brought to recover the sum of $3,000 upon two certain promissory notes made by the defendant, Smith Longbottom, and payable to the said Thomas Lee, for $1,500 each, both dated July 1, 1892, and payable at six months and twelve months after their respective dates, and maturing January 1, 1893, and July 1, 1893, respectively, together with the interest thereon from said dates of maturity.

The plaintiff is a bona fide holder for value before maturity and the said notes are still in his possession and ownership, and copies of the same are hereto attached and made part hereof, marked Exhibit " A." Plaintiff avers that the said notes were given by the said Smith Longbottom to the said Thomas Lee, in part payment of his contribution to the capital stock of a co-partnership between the said Thomas Lee and Smith Longbottom, the said notes being the unpaid portion of his subscription of $10,000 to the capital of the said firm, the entire capital being originally $38,000, which was entirely owned by the said Thomas Lee until the payment of the said contribution of the $10,000 in part payment of which the said two notes of $1,500 were given as aforesaid. Articles of copartnership are hereto annexed and marked Exhibit " B."

That subsequently, to wit : On or about the 28th day of September, A. D. 1893, a bill was filed for the dissolution of the said partnership, and appointment of a receiver, and on the 2d day of November, 1893, the court dissolved the partnership and appointed a receiver, and on the 16th day of February, A. D. 1894, appointed William S. Sykes, auditor to distribute the balance in the hands of the receiver.

That upon the dissolution of the partnership the said Thomas Lee brought suit against the said Smith Longbottom upon said notes, whereupon he filed an affidavit of defense, alleging as set-off sundry partnership matters, and that the matter was pending before the auditor for distribution and settlement, and subsequently, to wit : On the 31st day of May, 1895, the said Thomas Lee discontinued the said suit of record. Affidavit of defense is hereto attached and marked Exhibit " C."

That subsequently the said Thomas Lee presented the said notes before the auditor for payment out of the fund, and upon

the objection of the said Longbottom, to the effect that the said notes were a personal loan to him, the auditor found as a fact that the said notes were upon personal account of Thomas Lee and could not participate in the distribution. A copy of the record of the auditor's report is hereto attached and made part hereof, marked Exhibit " D."

The said partnership was dissolved as aforesaid, and the entire affairs of the same wound up and adjudicated in the said auditor's report, and no exceptions have been taken to the same, and the time for exception and appeal has expired, and all the matters therein contained are fully adjudicated.

Plaintiff avers that no part of either of said notes has been paid, though demand for the same has been made, and that the whole amount thereof, viz : $3,000, with interest thereon from maturity, is justly due and payable to the plaintiff.

Defendant's affidavit of defense was as follows :

That the note of $5,000 mentioned in the supplement to the articles of copartnership dated November 18, 1890, upon which it is therein provided that Smith Longbottom shall apply his withdrawals of the profits, was never in fact given, but the said Smith Longbottom did, on or about July 1, 1892, withdraw $3,000 profits from the business, and paid it over to the said Thomas Lee as a part of the said Smith Longbottom's contribution to the capital stock of the business.

That the said two notes upon which suit has been brought in this case were given by the defendant to the plaintiff with the understanding and agreement that they should be paid out of the profits arising from the business which they were then carrying on under the articles of copartnership set out in the plaintiff's statement, and this was afterwards prevented by the action of the plaintiff, who on or about the twenty-eighth day of September, 1893, filed a bill in equity in the court of common pleas of Delaware county for the dissolution of the partnership and the appointment of a receiver, against the earnest protest of the defendant. Afterwards, on or about November 2, 1893, the court dissolved the partnership and appointed a receiver. This action was instituted by the said Thomas Lee alone. Deponent protested against it at the time, and still believes that it was unnecessary and unwarranted by the condition of the affairs of the copartnership as they existed at that

time, and as a proof of that fact the receiver has substantially wound up the affairs of the copartnership, wherein all creditors have been paid in full, and a large balance awarded to the said Thomas Lee.

The effect and result of the application for dissolution, and the final dissolution and the appointment of a receiver, was to materially injure the credit of.the firm and of the deponent, one of the partners. The goods on hand were sold at from thirty per cent to thirty-five per cent below their value. Outstanding accounts became worthless, and the real estate, which had been taken by the firm at a valuation of $55,000, and upon which had been expended by the firm for machinery and improvements about $10,000, was sold at sheriff's sale, after the appointment of the receiver, for $29,600.

Deponent therefore believes and avers that there was a loss upon the real estate of at least $20,000, and a loss upon the personal estate of at least $7,000, and the expenses of the administration of the receivership of about $3,000, amounting altogether to $30,000, which could have been realized by the firm if it had been allowed to run out its limited time as stipulated in the articles of copartnership on the thirty-first day of December, 1893. And this would have produced to the deponent thirty per cent thereof, equal to $9,000. It is a fact, however, that no profits were received by deponent from the business except the $3,000 hereinbefore mentioned, which was paid over to the said Thomas Lee at or about the time of the making of the notes in this suit, and before the maturity thereof, and no profits have been received since, and nothing was awarded to deponent out of the partnership estate in the hands of the receiver except his claim for wages.

Deponent was thereby injured by the action of the said Thomas Lee to an amount largely in excess of the $3,000, and the said Thomas Lee, by failure to perform his part of the agreement, rendered it impossible for deponent to acquire or receive the profits out of which the said notes were to be paid, and he is advised and believes that neither of the said notes, or any part thereof, are recoverable or collectible from him by the said Thomas Lee.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*George B. Lindsay,* for appellant.—The manner of payment was a part of the speculation and hazard of the business which Lee assumed. The notes were not given for money received, but rather for the right to be a partner in a business that has an arbitrary valuation put upon it, and upon certain conditions as to the extent of the obligation.

It is submitted that there was no liability on Longbottom except to see that his share of the profits to the extent of $3,000 was turned over to Lee for these notes.

*William S. Divine, Samuel B. Huey* with him, for appellee.— The affidavit of defense is insufficient because the set-off is bad. Partnership accounts cannot be used as a set-off in a suit by one partner upon an individual account, nor can the promissory notes be contradicted by parol evidence. Wharton v. Douglass, 76 Pa. 273; Hains v. Rapp, 2 W. N. C. 595.

The defense is bad because it is res adjudicata: Myers v. Kingston Coal Co., 126 Pa. 582; Third Dutch Reform Church App., 88 Pa. 503; Frauenthal's App., 100 Pa. 290.

That the record of a court may be made part of the statement is expressly provided for by section 3 of the act of 1887. Haines' Cases, 37 W. N. C. 80.

PER CURIAM, January 27, 1896:

We concur in the conclusion reached by the learned court below, viz: that the affidavit of defense was insufficient to carry the case to a jury. There was therefore no error in making the rule for judgment absolute.

Judgment affirmed.