Edward Wolf, Isaac Wolf, Jr., Augustus Wolf and Frank
Wolf, trading as Wolf & Company, v. M. P. Rosenbach,
trading as M. P. Rosenbach & Company, Appellant.

*Evidence—Parol agreement to contradict a promissory note.*

In all the cases sustaining exceptions to the rule which excludes parol
evidence to contradict or vary a written contract, no case goes to the length
of ruling that such evidence is admissible to change the promise itself,
without proof or even allegation of fraud or mistake.

Evidence of an alleged oral agreement that a promissory note was to
be renewed at maturity if it proved inconvenient for the maker to pay the
same is inadmissible.

Argued Oct. 15, 1896. Appeal, No. 120, Nov. T., 1896, by
defendant, from order of C. P. No. 2, Phila. Co., June T., 1896,
No. 651, making absolute rule for judgment for want of a suffi-
cient affidavit of defense. Before RICE, P. J., WILLARD,
WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Af-
firmed. REEDER, J., dissents.

Assumpsit on a promissory note.
The facts sufficiently appear in the opinion of the Superior
Court.

*Error assigned* was, making absolute the rule for judgment
for want of a sufficient affidavit of defense.

*Julius C. Levi*, for appellant.

*Clinton O. Mayer*, with him *Joseph L. Greenwald*, for appellee.

OPINION BY ORLADY, J., November 9, 1896:

This suit was brought against appellant as indorser of a
note, viz:

"PHILADELPHIA, March 2d, 1896.
" $750.00
" Three months after date I promise to pay to the order of
M. P. Rosenbach & Co., seven hundred and fifty dollars at
101 South 13th st., without defalcation, value received.
                          (Signed)        " MIRIAM WOLF
          (Endorsed)
" M. P. ROSENBACH & CO.
" WOLF & CO."

The defense to the action, as set out in the affidavit filed, was "The note upon which this suit is based was drawn by Miriam H. Wolf to accommodate and for the benefit of deponent (M. P. Rosenbach), with the distinct understanding and agreement that it should be discounted by plaintiffs, and that if deponent was unable, or it was not convenient for him to pay the said note at maturity, he was to have the right and option to have it renewed for a further period of three months, upon allowing plaintiffs the usual discount during said period. . . . . That it was not convenient for deponent, nor was he able to pay this note at maturity, when plaintiffs insisted upon payment; that deponent can secure note drawn by Miriam H. Wolf, the maker, for the same amount, for the purpose of renewal, to carry out the agreement entered into with plaintiffs; that deponent is willing to pay plaintiffs the usual discount, and at the maturity of the renewed note, is perfectly willing to pay the same, to carry out the oral agreement entered into with them at the time of making the note."

The rule for judgment for want of a sufficient affidavit of defense was made absolute.

In Hill v. Gaw, 4 Pa. 493, the Supreme Court say : " It has been repeatedly ruled, that oral testimony is not admissible to contradict, vary or materially affect, by way of explanation, any written contract. There are some exceptions to the rule, founded in mistake or fraud, but they have never been extended so far as to admit evidence of a distinct, independent parol agreement, which varies, alters, or contradicts the written contract, whether by bond, promissory note, bill of exchange or by a check, which is in the nature of a bill of exchange," and this was directly affirmed, and made the basis of the opinion in Anspach v. Bast, 52 Pa. 358, the court adding: " But no case goes to the length of ruling that such evidence is admissible, to change the promise itself, without proof or even allegation of fraud or mistake. The contrary has been repeatedly decided."

In Martin v. Berens, 67 Pa. 459; Heist v. Hart, 73 Pa. 286; Wharton v. Douglass, 76 Pa. 273; Callan v. Lukens, 89 Pa. 134; Phillips v. Meily, 106 Pa. 536; Thomas v. Loose, 114 Pa. 35; Clarke v. Allen, 132 Pa. 40; Ziegler v. McFarland, 147 Pa. 607; Hallowell v. Lierz, 171 Pa. 577; the rule has remained unchanged, and to bring any case within the excep-

tions, the evidence of fraud, accident or mistake at the time of the execution of the contract, must be clear, precise and indubitable ; that it induced the execution of the contract, and is of such grade and weight that a chancellor would feel himself bound to reform the instrument.

It is true under our practice in Pennsylvania, the rule and exceptions are enforced through common law forms, but with our modification of the English rule, and our act of assembly, which makes every defendant a competent witness, the principle, as stated, is about all that is left to preserve the sanctity and force of an instrument of writing, whether that instrument be a deed, which is the evidence of a man's title to his home, or an obligation for the payment of money : Phillips v. Meily, supra.

In the case in hand no one of these requisites is furnished. The alleged parol agreement is entirely at variance with the promissory note sued on. It not only changes its legal effect, but it contradicts its very terms : Ins. Co. v. Williams, 155 Pa. 405, is not in conflict. The line of cases cited herein are plainly distinguished from it. In that case the evidence offered was held not to be in contradiction of the writing, but in explanation of the manner of applying a credit. It was decided under its special facts, and was not intended to overrule any of the well established authorities, the court saying : " None of the authorities cited by the learned counsel for appellant touches the question raised by the affidavit of defense between this insurance company and the policy holder."

The assignment of error is not sustained and the judgment is affirmed.

REEDER, J., dissents.