## S. J. Martin, Appellant, *v.* J. F. McCune.

*Promissory note — Inducing agreement resulting in payment — Parol evidence to vary contract.*

In a suit on a promissory note evidence may be received of a parol agreement and conduct based thereupon which amounts, substantially, to payment by fulfilment of such agreement entered into by the parties to the note at the time it was made. Such agreement being entirely consistent with the terms of the note both might be enforced concurrently and effectively. Under such conditions the question of altering the terms of the note by proof of a parol contract does not arise.

Argued May 10, 1898.    Appeal No. 90, April T., 1898, by plaintiff, from judgment of C. P. Beaver Co., March T., 1894, No. 411, on verdict for defendant.    Before RICE, P. J., BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.    Affirmed.

Assumpsit.    Before CRAWFORD, P. J., of the 13th judicial district, specially presiding.

It appears from the record and evidence that suit was brought by the payee on a promissory note against the maker for $400. The defense set up was a parol agreement alleged to be made contemporaneously with the execution of the note by virtue of which the defendant claimed he was not to pay it if he was not successful in running a restaurant.

Other facts sufficiently appear in the opinion of the court.

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* among others were (1) in admitting the following offer on the part of the plaintiff : " Defendant's counsel propose to prove that in the spring of 1893 Samuel Anderson, the father-in-law of the defendant, purchased from the plaintiff the goods in the restaurant of the defendant at East Liverpool, Ohio, for the price or sum of $1,000, paying therefor $600 cash, $500 of which was furnished by the defendant with the knowledge of the plaintiff, and that a note of $400 was given for the balance of the purchase money, secured by a chattel mortgage on the goods in the restaurant; that after Samuel Anderson had continued in the business for three or four months the plaintiff in the case, knowing that McCune

also had a second chattel mortgage on the same goods for $500, sent word to the defendant to meet him in East Liverpool, Ohio, at which meeting plaintiff informed defendant that Samuel Anderson was not meeting with success in the business, and that there was a likelihood that both plaintiff and defendant would lose their money. That he thereupon asked defendant to come and take charge of the restaurant, stating that he (plaintiff) would take it from said Samuel Anderson. That it was agreed between plaintiff and defendant that the defendant would take charge of the restaurant and give his promissory note, which is the note in suit, for the $400, with the promise on the part of the plaintiff at the time the agreement was made, that if the defendant should not meet with success in the restaurant business after giving it a trial, that the plaintiff would take the goods off his hands and surrender up the note in suit. This is to be followed by evidence showing that the defendant did take charge of the restaurant, give it a fair trial, and failed to meet with success, and thereupon turned over the whole stock of goods in the restaurant pursuant to the parol agreement that was made at the time the note was signed, and thereupon the note in suit became satisfied and extinguished." (4) In refusing to charge the jury as requested in the third point presented by plaintiff, as follows: " The defendant, having attempted to set up a contemporaneous parol agreement to vary the terms of the note in suit, but there being no sufficient evidence to establish the same, under all the evidence the verdict must be for the plaintiff." (6) In declining to charge the jury as requested in the fourth point presented by plaintiff, as follows: " Under all the evidence in this case the verdict must be for the plaintiff."

*Wm. A. McConnel*, with him *John M. Buchanan*, for appellant.—Evidence of the alleged contemporaneous parol agreement was not admissible to vary the terms of the note in question: Wolf v. Rosenback, 2 Pa. Superior Ct. 587; Hill v. Gaw, 4 Pa. 493.

As to the second question, if the evidence was admissible by reason of being an exception to the general rule, then it must be evidence which is clear, precise and indubitable, and such as would compel a chancellor to reform the instrument. Phillips

v. Meily, 106 Pa. 536 ; Martin v. Berens, 67 Pa. 459 ; Hand v. Russell, 1 Pa. Superior Ct. 165.

Even if it was admissible as an exception to the general rule, it was not sufficiently proven. The only evidence which at all tends to prove any parol contemporaneous agreement, is in the testimony of the plaintiff himself immediately after the noon recess, when he was recalled to the stand by his counsel : Brawdy v. Brawdy, 7 Pa. 167 ; Plumer v. Guthrie, 76 Pa. 441 ; Miller v. Smith, 33 Pa. 386 ; Martin v. Cerens, 67 Pa. 459.

*R. S. Holt* of *Wilson & Holt*, with him *L. T. Farr*, for appellee.—The evidence as to the parol agreement was admissible : Rearich v. Swinehart, 11 Pa. 233.

To the same effect is Parke v. Chadwick, 8 W. & S. 96, in which an absolute conveyance was overturned by oral proof, that it was given and accepted as a security for the payment of a debt, and to be surrendered when that was discharged.

And in the same case Mr. Justice BELL said : "It is not essential to the admission of parol evidence that a fraud was originally intended. It is enough that, though the parties acted in mutual good faith at the inception of the transaction, an attempt is made to wrest the instrument to a purpose not contemplated, or use it in violation of the accompanying agreement. It is as much a fraud to obtain a paper for one purpose, and use it for a different and unfair purpose, as to practice falsehood or deceit in its procurement : " Chalfant v. Williams, 35 Pa. 212 ; Brown v. Morange, 108 Pa. 69.

The existence of a contemporaneous parol agreement between the parties, under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted. Among the more recent cases in which this has been distinctly declared are : Keough v. Leslie, 92 Pa. 424 ; Martin v. Kline, 157 Pa. 473 ; Martin v. Fridenberg, 169 Pa. 447. These cases are not in conflict with Clarke v. Allen, 132 Pa. 40 ; Zeigler v. McFarland, 147 Pa. 607, for in these cases, the agreement set up was wholly inconsistent with the terms of the note : Coal & Iron Company v. Willing, 180 Pa. 165.

OPINION BY SMITH, J., July 29, 1898 :

This suit was brought by the payee of a promissory note against the maker. The defense set up was that the plaintiff had been the owner of a restaurant, furniture and fixtures, situate in East Liverpool, Ohio, and had sold the furniture and fixtures to one Anderson for $1,000. Of this $600 was paid in cash and a first chattel mortgage given for the balance. Five hundred dollars of the cash payment was borrowed from the defendant, who held a second chattel mortgage as security. Anderson did not succeed in the business and it was alleged that the plaintiff induced the defendant (with the consent of Anderson) to buy the furniture and fixtures, rent the building from the plaintiff, cancel both obligations of Anderson and give the note in suit, under a parol agreement that if the defendant did not succeed in the business he should have the right to return the property to the plaintiff, whereupon the note was to be delivered up or canceled. The defendant testified that in pursuance of this agreement he gave the note, took possession of the restaurant, and gave the business a full and fair trial; and, failing to succeed, turned over the furniture and fixtures to the plaintiff, who took possession of them, and that the note was thereby satisfied according to the agreement under which it was given. This alleged agreement was denied by the plaintiff, and the testimony touching the whole was submitted to the jury. The learned court instructed the jury that if they found that the parol agreement as alleged by the defendant was entered into at the time of the execution of the note, and this was fully established to their satisfaction, and that the "note was signed under such an inducement and with such an understanding between the parties at the time . . . . and following that, you are satisfied that the defendant did return this property and extinguished or satisfied the note in that way," the verdict should be for the defendant; otherwise the verdict to be for the plaintiff for the full amount of the note and interest. Under these instructions, which were given with ample discussion of the law and the evidence, the jury returned a verdict for the defendant.

The plaintiff contends that the court erred in admitting proof of this contemporaneous parol agreement, and that it was not competent to affect the terms of the instrument sued on or to

defeat a recovery. It is further argued that the case of Wolf v. Rosenbach, 2 Pa. Superior Ct. 587, rules the present controversy in favor of the plaintiff. But the cases are clearly distinguishable. In Wolf v. Rosenbach the affidavit of defense set out a contemporaneous agreement which contradicted the express terms of the note, namely, that if the defendant was not able to pay it at maturity he was to have the right to renew it for a further period by paying the usual discount. Furthermore it was not alleged that the defendant performed or tendered performance of this contract. There was no averment that he tendered a similar note in renewal at the time the original became due or that he offered any renewal note whatever, up to the time of bringing suit. The only allegation on this point is that the defendant could secure the note of the maker of the original for the purpose of renewal; but, although the defendant was indorser on the first note, the affidavit is silent about indorsement of the second, or the payment or tender of the discount. Fraud in any form was not alleged. If the agreement set out were enforceable the affidavit failed to aver its fulfilment or tender of performance either at the stipulated time or afterward. That case was, therefore, rightly decided on its own facts. While the principles mentioned in the opinion clearly and correctly indicate the law applicable to the case, it was barely necessary to give them any controlling effect, under the facts presented. The affidavit contained no averment that the defendant was induced to sign the original note by reason of the oral stipulation, and this was sufficient in itself to warrant the entry of judgment for the plaintiff. An averment to this effect is essential where the defense relied upon implies fraud in the procurement or in the subsequent use of the instrument: Keough v. Leslie, 92 Pa. 424.

The defense in the present case amounts, substantially, to payment, by the fulfilment of an agreement entered into by the parties to the note at the time it was made. This agreement is entirely consistent with the terms of the note, and both may be enforced concurrently and effectively: Insurance Co. v. Williams, 155 Pa. 405; Coal & Iron Co. v. Willing, 180 Pa. 165; Shaeffer v. Sensenig, 182 Pa. 634. The question of altering the terms of the note by proof of a parol contract does not arise in this case. The questions presented here re-

late only to the conditions under which the defendant was induced to sign the note, and the manner in which, upon a certain contingency, it might be satisfied. No third party is interested in the issue or affected by the enforcement of this contract. The questions of its existence and of its full performance on the part of the defendant were submitted to the jury, and they found in his favor. The plaintiff, when on the witness stand, admitted that he took possession of the property on its surrender by the defendant, and the latter says, that it was returned in payment of the note in suit. The jury have found that the parol agreement was thus executed by the parties. The plaintiff is now estopped from recovery on the note.

This covers the questions raised by the specifications of error, they are all overruled and the judgment is affirmed.