# Creery *v.* Thompson, Appellant.

*Affidavit of defense—Partnership—Corporation—Money loaned.*

In an action on two checks for money loaned and represented by the checks, the defendant filed an affidavit of defense in which he averred that in consideration of his going into a partnership with the plaintiff and another, plaintiff agreed to lend him the money represented by the checks, and that the same should be paid back solely out of defendant's share of the profits of the partnership; that the money loaned was contributed to the partnership, but that defendant never received any profits from the business; that subsequently the business was incorporated, and that plaintiff agreed that the money represented by the loan should be due and payable only out of money received by defendant from the corporation after certain other payments were made, and that no such money had ever been received. *Held,* that the affidavit of defense was sufficient to prevent judgment.

Argued Oct. 14, 1904. Appeal, No. 123, Oct. T., 1904, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1904, No. 990, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Edward Creery v. A. Walter Thompson. Before RICE, P. J., BEAVER, SMITH, MORRISON and HENDERSON, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Francis S. Laws,* with him *Francis C. Adler,* for appellants.—It is competent to contract for the payment of an obligation out of a particular fund and in a particular manner : Chambers v. Jaynes, 4 Pa. 39 ; Sartwell v. Wilcox, 20 Pa. 117 ; Snell v. Cheney, 88 Ill. 258 ; Wharton on Contracts, 598 ; Krum v. Mersher, 116 Pa. 17 ; Printing and Numerical Registering Co. v. Sampson, L. R. 19 Eq. 462 ; Magilton v. Stevenson, 173 Pa. 560.

Plaintiff was not entitled to judgment before the advancement had been received by the defendant from the company.

*Harvey Gourley*, with him *Henry S. Cattell*, for appellee.—
The defendant admits that he borrowed the money personally
but undertakes to set off an unsettled partnership account and
an unsettled corporation account against the payment of his
personal indebtedness to the plaintiff: Lee v. Longbottom,
173 Pa. 408; Wharton v. Douglass, 76 Pa. 273; Sennett v.
Johnson, 9 Pa. 335; Russell v. Miller, 54 Pa. 154.

OPINION BY BEAVER, J., November 21, 1904:

Plaintiff moved for judgment for want of a sufficient af-
fidavit of defense in this action, in which his claim is based
upon two several checks of $235 and $665, respectively, alleged
to have been borrowed by the defendant from him.

The defendant, in his affidavit, admits that he borrowed the
money and that the same has never been paid but alleges that
at the time the money was advanced to him he and the plain-
tiff were about to form a copartnership with T. F. Philips for
the conduct of said business under the firm name of "the
Century Leather Enamelling Co., in which firm the plaintiff
and the defendant were to contribute the sum of $1,250 each,
including their cash contribution in the firm theretofore con-
ducted by them (said cash contribution previously made
having amounted to about $350), and the said Philips the
sum of $5,000. That, to induce the defendant to enter into
said copartnership with the said T. F. Philips, the plaintiff
agreed to advance to the defendant the sum of $900, the
amount necessary to complete his contribution to said firm,
and, at the time of the making of said advance, verbally agreed
with the defendant that the money so advanced should be con-
tributed by the defendant towards his contribution to the
capital of said firm and should be paid back solely out of his
share of the profits of the said copartnership."

He avers further that the said sum of $900 was " received
by him from the plaintiff, in accordance with the agree-
ment aforesaid and was contributed by him to the said firm
of the Century Leather Enamelling Company, and further
avers that neither he nor any of the other members of the
said firm ever received any profits from the said business."

The affidavit further avers that the partnership was dis-
solved and a corporation organized and that the contributions

of the several members of the said partnership should be recognized as debts of the corporation and should be paid back to the respective contributors, before any dividends were declared upon its capital stock and that, before the incorporation of the said company, it was verbally agreed between the plaintiff and the defendant that the sum of $900 which had been previously advanced by the plaintiff to the defendant for investment in the firm of the Century Leather Enamelling Company should be due and payable only out of the money to be received from the said corporation after paying back the contribution of the respective partners as aforesaid when and as soon as the money was received from the said corporation.

It is further averred "that the said corporation has never paid to him (the defendant) the said sum of $1,250, or any part thereof," and that, therefore, the claim upon which the suit is founded is not due or payable by the defendant to the plaintiff under the terms of their agreement.

The plaintiff (the appellee here) replies in his argument to this affidavit by saying that "the defendant thus admits that he borrowed the money personally but undertakes to set off an unsettled partnership account and an unsettled corporation account against the payment of his personal indebtedness to the plaintiff."

This is not a correct statement of the defendant's allegation. He does not set forth in his affidavit a set-off but seeks to enforce the terms of the original agreement, as alleged by him, upon which the money was advanced by the plaintiff to him. There is no element of set-off in this; it strikes at the very root of the contract by which both parties to it are bound.

If the allegations of the affidavit are true, it seems to us there was a good consideration for this agreement, namely, that the defendant was thereby induced to enter into the original partnership, known as the Century Leather Enamelling Company, and, upon the dissolution of the said partnership, the plaintiff agreed to join in the organization of a corporation, provided the amount of capital contributed to the partnership should be regarded as a debt of the corporation and should be first paid before any dividends were declared, and that the indebtedness of the defendant to the plaintiff should not be enforced until such payment was made by the corporation.

Surely the parties were competent to make such an agreement. If it was made in good faith, it ought to be carried out.

In Chambers v. Jaynes, 4 Pa. 39, plaintiff sought to recover from the defendant in covenant upon a written agreement for the erection of two dwelling houses, therein specifically described, in which it was further stipulated, " That the said Alexander Jaynes, on his part, doth hereby covenant and agree to pay, or cause to be paid, $2,000 as follows : one note for $500 payable in fifteen months, with interest, dated August 5, 1844 ; one note for $300, payable in twelve months, with interest, dated September 1, 1844, $100 in nails, and $100 in sawmill lumber at cash prices, and the balance to be paid out of the rents quarterly, the whole amount to be applied to that purpose, with interest on the amount due and unpaid on and after April 1, 1846." The jury, under the instruction of the court, rendered a special verdict, in considering which Judge GRIER, who rendered the opinion in the court below, said : " Is the plaintiff entitled to recover the sum of $1,000, which by the agreement was ' to be paid out of the rents quarterly, the whole amount to be applied to that purpose ? '

" The counsel for plaintiff seemed hardly to consider this point tenable and have not much urged it, and I think very justly and judiciously. This is not the case of a previous debt for which the rents of the houses have been pledged or mortgaged as a security and where the loss of the security would not affect the plaintiff's right to a remedy on the original debt or duty. It is the original contract of the parties that plaintiff should look to this fund alone, and not to the personal responsibility of defendant, and neither law nor equity can change their contract. By this contract, the plaintiff necessarily took the risk of the loss of the houses by fire before his compensation was obtained," etc. So here the manner of payment was provided for in the original contract by the parties plaintiff and defendant. By the very terms of the contract the plaintiff assumed the risk of profits by the partnership and, under the subsequent agreement, of payment by the corporation. We cannot see why he is not bound by the terms of his contract and why a jury should not be allowed to determine whether or not such a contract was in fact made.

Judgment reversed and record remitted with a procedendo.