# Appleby, Appellant, *v.* Barrett.

*Evidence—Affidavit of defense—Parol evidence—Written instrument—Set-off.*

Where an affidavit of defense sets up an oral agreement to vary the terms of a written agreement it must contain an averment that the defendant was induced to sign the writing by reason of the oral agreement.

In an action upon a promissory note an affidavit of defense is insufficient which sets up that the note was to be paid only out of profits of a business in which the plaintiff and defendant were to engage, without any averment of fraud or mistake.

The averments of a set-off in an affidavit of defense must be set forth with the same clearness and particularity that are required of a plaintiff in his statement.

A debt or the damages which can be set off as an independent counterclaim must be such as a jury can find and liquidate in the ordinary way just as if the defendant were a plaintiff suing in debt, assumpsit or covenant. But where the right of the defendant is only to call the plaintiff to an account, and this demand is such as must be settled in an action of account rendered, or by bill in equity for an account, it is not a proper set-off.

In an action upon a promissory note by one partner against another, the defendant cannot set up in his affidavit of defense an unascertained balance alleged to be due upon the unsettled partnership account.

Argued Dec. 16, 1904. Appeal, No. 227, Oct. T., 1904, by plaintiff, from order of C. P. No. 1, June T., 1904, No. 2336, discharging rule for judgment for want of a sufficient affidavit of defense in case of J. Randolph Appleby v. Frank I. Barrett. Before Rice, P. J., Beaver, Orlady, Porter, Morrison and Henderson, JJ. Reversed.

Assumpsit on a promissory note.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*William S. Divine,* for appellant, cited: Lee v. Longbottom, 173 Pa. 408; Wharton v. Douglass, 76 Pa. 273.

*Charles K. Westbrook,* for appellee, cited: Edwards v. Tracy, 62 Pa. 374 ; Hoffer's App., 3 Brewster, 164; Miller v. Bartlet, 15 S. & R. 137; Ditsche v. Becker, 6 Phila. 176; Michigan Mut. Life Ins. Co. v. Williams, 155 Pa. 405 ; Fischer v. Dalmas, 173 Pa. 296; Martin v. McCune, 8 Pa. Superior Ct. 84.

OPINION BY PORTER, J., April 24, 1905 :

The plaintiff brought this action upon a promissory note payable to his order, made by the defendant, and explicitly averred in his statement that he was a bona fide holder of the note for full value. The defendant filed an affidavit of defense, which the court below upon a rule for judgment held to be sufficient, and the plaintiff appeals.

The affidavit of defense did not deny that the plaintiff had paid full value for the note at the time it was given, nor did it attempt to assert that there had been any failure of consideration. The only defense attempted to be set up was founded upon an alleged parol understanding as to the manner in which the note should be paid. The material part of the affidavit is as follows : The defendant admits the making of the memorandum note upon which this suit is brought, but avers that the same was given by him merely as a memorandum and that it was distinctly understood between him and the said plaintiff that it was to be paid out of his share of the profits of certain business transactions hereinafter more particularly set forth, and not in cash. Defendant avers that on or about October 22, 1901, he entered into a business contract with the said plaintiff to engage in the real estate business in the city of Philadelphia, and that in and by said contract he, the said defendant, was to receive as compensation for his services a sum equivalent to the equal one-half part of the net profits derived from the various transactions of the

plaintiff in connection with the real estate business. Then follow the averments that offices were taken in the city of Philadelphia for the purpose of said business, that the same was carried on until about October 14, 1902, when the plaintiff was compelled to absent himself from the city of Philadelphia, leaving the defendant in charge of the offices of the concern and compelled to pay the rental therefor for about one year out of this own pocket, that then and thereafter the plaintiff became indebted to the defendant under his contract in the sum of at least $700, said indebtedness being partially made up as follows : " one-half rent of Philadelphia offices from October 1, 1902 to November 1, 1903 $148.96 " and " one-half taxes paid in excess as profits 1902, 1903 and 1904, about $180 ; aggregating $328.96. The balance, amounting to $371.04, deponent has been informed and believes, and expects to be able to prove at the trial of this case, represents deponent's interest in sales made by plaintiff since October, 1902, and for which he has not accounted to deponent under his contract, which is due and owing to deponent by the said plaintiff, and for which he asks judgment on certificate."

The affidavit contained no averment that the defendant was induced to sign the note by reason of the oral stipulation, and this was sufficient in itself to warrant the entry of judgment for the plaintiff: Martin v. McCune, 8 Pa. Superior Ct. 84; Keough v. Leslie, 92 Pa. 424. The averments of the affidavit do not indicate that any oral agreement was the inducing cause for the signing of the written.

In a suit between the original parties to a promissory note, parol evidence may be given to show what the consideration of the note was, that the consideration has failed, or that there was a parol agreement made contemporaneously with the note, and not inconsistent with it, by the fulfillment of which the note has been substantially paid: Michigan Mut. Life Insurance Company v. Williams, 155 Pa. 405 ; Martin v. McCune, 8 Pa. Superior Ct. 84 ; Fischer v. Dalmas, 173 Pa. 296 ; Clinch Valley Coal and Iron Company v. Willing, 180 Pa. 165. Such evidence does not contradict or vary the instrument. " But no case goes to the length of ruling that such evidence is admissible to change the promise itself, without proof or even allegation of fraud or mistake : " Anspach v. Bast, 52 Pa. 356.

Parol evidence of an agreement when the note was made, that it should be renewed at maturity, would contradict the written contract of the parties, and is therefore inadmissible, and an affidavit averring such an agreement, or an agreement that the defendant was not to be required to pay until he could spare the amount, is insufficient: Anspach v. Bast, 52 Pa. 356; Clarke v. Allen, 132 Pa. 40 ; Wolf v. Rosenbach, 2 Pa. Superior Ct. 587. An affidavit of defense which admits that a promissory note was given for a full consideration, but alleges a parol contemporaneous agreement that the maker should only be required to pay out of a certain fund, or in a certain manner having no connection with the consideration upon which the note is founded, is insufficient: Wharton v. Douglass, 76 Pa. 273 ; Ziegler v. McFarland, 147 Pa. 607 ; Lee v. Longbottom, 173 Pa. 408. This affidavit of defense contains no allegation of fraud or mistake, and the authorities above referred to conclusively determine that the primary contention of the appellee, that by the parol agreement his liability upon the note was to be confined to the profits from certain business transactions, is not well founded.

Considered as an allegation of set-off, the averments of the affidavit are equally ineffective to prevent a judgment. He alleges that he " entered into a business contract with the said plaintiff to engage in the real estate business in the city of Philadelphia, and that in and by said contract, he, the said defendant, was to receive as compensation for his services a sum equivalent to the equal one-half · part of the net profits derived from the various transactions of the plaintiff in connection with the real estate business." He is careful to avoid stating whether this contract was in writing or oral, and the affidavit does not pretend to give the contract in full. The affidavit may have been drawn in these ambiguous terms for the purpose of making it difficult to determine whether the plaintiff and defendant were or had been partners in the real estate business, but it can benefit the defendant nothing to leave the statement of his claim of set-off thus indefinite. The averments of a set-off must be set forth by the defendant in his affidavit with the same clearness and particularity that are required of a plaintiff in his statement. The defendant states that his compensation for his services was to be equivalent to

one half of the net profits, but he does not state that he was employed by the plaintiff, nor his actual relation to the business carried on. He does state that the plaintiff left Philadelphia in October, 1902, " leaving this deponent in charge of the offices of the concern and compelled to pay the rental thereof for about one year out of his own pocket." If this means anything, it is, that the defendant had absolute charge of the business in question, and that his relation to it was such that he was personally liable for its debts. This conclusion is confirmed by the further averment of the affidavit that, of the amount which the defendant paid for the office rent of the firm, one half only was chargeable to the plaintiff. The affidavit therefore discloses that this defendant was entitled to one half of the profits of the business and liable, as between the parties themselves, for one half of its debts ; and in the absence of any allegations to the contrary the parties must be presumed to have been partners. There is no allegation that the business had ever been settled, and an unascertained balance alleged to be due from one member of a firm to another upon the unsettled partnership account, is not available as a set-off in an action by one partner upon the individual promissory note of the other : Wharton v. Douglass, 76 Pa. 273 ; Lee v. Longbottom, 173 Pa. 408. Whether or not, however, the parties were partners, the alleged claim of the defendant was not available for purposes of set-off in this action. The obstacle arises out of the nature of the claim, and is not merely dependent upon the relation of the parties. " A debt or the damages which can be set off as an independent counterclaim must be such as a jury can find and liquidate in the ordinary way just as if the defendant were a plaintiff suing in debt, assumpsit or covenant. But where the right of the defendant is only to call the plaintiff to an account, and this demand is such as must be settled in an action of account rendered, or by bill in equity for an account, it is not a proper set-off : " Russell v. Miller, 54 Pa. 154.

The record is remitted to the court below, with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.