## Keller v. Cohen, Appellant.

*Promissory notes—Affidavit of defense—Payment—Specific source—Contemporaneous written agreement.*

It is competent for parties to contract for the payment of an obligation out of a particular fund, and in a particular manner.

In an action upon promissory notes, the defendant may set up a contemporaneous agreement in writing in support of the contention that the notes were to be paid out of a particular fund.

Argued Jan. 8, 1907. Appeal, No. 99, Jan. T., 1906, by defendant, from order of C. P. No. 4, Phila. Co., Dec. T. 1906, No. 452, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Joseph S. Keller v. Andrew J. Cohen. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit on two promissory notes, dated November 14, 1898, and February 21, 1899, each for $1,000.

Rule for judgment for want of a sufficient affidavit of defense.

In addition to the facts stated in the opinion of the Supreme Court it appeared that the defendants relied upon the following papers:

" Philadelphia, Sept. 8th, 1898.
" Mr. A. J. Cohen, Philadelphia, Pa.

" Dear Sir: The writer, J. S. Keller, will, in consideration that you transfer to me 20% of your one-half interest in umbrella tubing and receipt of like amount from Mr. Seymour's interest, obligate myself to provide all the necessary cash funds to build one complete set of machines to make the above mentioned tubing.

" I will agree to advance to A. J. Cohen the sum of fifteen hundred dollars ($1,500), same to be secured by Mr. Cohen transferring me his present life insurance policy as collateral. The amount advanced to be paid back to me from the immediate proceeds of profits derived from the sale of umbrella tubes made.

" The above is respectfully submitted for your convenient consideration.
                    " Yours very truly,
                              " J. S. Keller."

" Be it known that I, Andrew J. Cohen, in consideration of a loan of two thousand dollars ($2,000), which is hereby acknowledged, do hereby assign, transfer and set over to Joseph S. Keller of 3515 Hamilton street, Philadelphia, Pa., my policy, No. 76,894 (amount $15,000), dated June 22, 1896, in the Home Life Insurance Company. Said policy to be held by the said Joseph S. Keller as collateral security for the specific loan of two thousand dollars ($2,000), premiums to be paid on said policy by me, in further acknowledgment of which I have given the said Joseph S. Keller my notes as follows :

" First note, dated November 14th, 1898, for one thousand dollars ($1,000), at five years.

" Second note, dated          1898, for one thousand dollars ($1,000), at five years.

" Witness my hand and seal at Philadelphia this 29th day of November, 1898.
                    " Andrew J. Cohen   [L. S.] "

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Albert B. Weimer,* with him *James D. Evans, William E. Stokes* and *Frederick M. Leonard,* for appellant.—As the plaintiff agreed in writing that the loan should be paid out of profits, and further stated in writing that the notes were "in further acknowledgment" of the loan, he can have recourse only to profits as the fund from which the notes are to be paid : Chambers v. Jaynes, 4 Pa. 39 ; Creery v. Thompson, 26 Pa. Superior Ct. 511 ; Martin v. Fridenberg, 169 Pa. 447.

Even an agreement wholly in parol that the notes should be paid out of profits may be shown where, as in this case, the maker's own evidence is corroborated by writings signed by the payee himself, and the maker states that he was induced to sign the notes by reason of the parol agreement: Coal & Iron Co. v. Willing, 180 Pa. 165 ; Martin v. Kline, 157 Pa. 473 ; Fidelity & Casualty Co. v. Harder, 212 Pa. 96 ; Laflin & Rand Powder Co. v. Burkhardt, 97 U. S. 110 ; Dittmar v. Norman, 118 Mass. 319.

*John Stokes Adams,* for appellee, cited : Wharton v. Douglass, 76 Pa. 273 ; Lee v. Longbottom, 173 Pa. 408 ; Fuller v. Law, 207 Pa. 101 ; Appleby v. Barrett, 28 Pa. Superior Ct. 349.

OPINION BY MR. JUSTICE ELKIN, April 22, 1907 :

This is an appeal from the order of the court below making absolute a rule for judgment for want of a sufficient affidavit of defense. The action is brought on two promissory notes made payable in five years from the date thereof, without interest. No question is raised as to the execution of the notes, but the affidavits of defense, among other things, set up that the appellant was induced to accept the loan, sign the notes and execute and deliver the assignment on the faith of the representation made by the appellee that the loan should be paid out of the immediate proceeds of profits derived from the sale of umbrella tubes made, and not otherwise, without which assurance and inducement Cohen would not have accepted the loan, signed the notes or executed the assignment. It appears from the averments contained in the affidavits of defense that some months prior to the execution of the notes the appellant, with one Seymour, applied for a patent for an improve-

ment in umbrella tubes, which was afterwards granted.   The appellee was desirous of obtaining an interest in the patent, and opened negotiations with appellant for the purpose of effecting an arrangement for the manufacture of umbrella tubes by the patent process.   As a result of these negotiations appellee, on September 8, 1898, submitted to appellant a proposition in writing, setting out in substance that he would provide all the necessary cash funds to build a complete set of machines for the manufacture of umbrella tubes on the condition that appellant and Seymour transfer to him twenty per cent of their respective holdings in the patent.   He also proposed to advance Cohen the sum of $1,500, afterwards increased to $2,000, and agreed that the amounts so advanced should be paid back out of the immediate proceeds of profits derived from the sale of umbrella tubes made.   The affidavit further avers, " that neither at the time of said proposal and its acceptance, nor at any time since, was there ever any agreement or understanding between defendant and plaintiff that said sum so advanced was to be paid from the proceeds of said insurance policy; but it was always understood and agreed between plaintiff and defendant that said sum so advanced was to be repaid from the profits derived from the sale of umbrella tubes made, said insurance policy having been assigned as collateral for the purpose of securing to plaintiff the performance by defendant of his part of the agreement, namely, to assign to plaintiff twenty per cent of defendant's interest in said patent, and to repay said sum so advanced out of the immediate proceeds of profits derived from the sale of umbrella tubes."   It is further averred that in pursuance of the agreement and understanding between the parties to this transaction, the Pennsylvania Tube Company was incorporated for the purpose of manufacturing umbrella tubes ; that the appellee is the president and principal stockholder of said company, and has had the management of its business, and has failed to render an account to appellant for any profits derived therefrom, or to show that said profits had not been applied on account of the moneys advanced.   In the supplemental affidavit of defense it is further averred that the contract consisted of four concurrent elements, to wit : the proposal of September 8, 1898; the execution of the notes in question ; the advance of

the said $2,000 ; the assignment of the insurance policy as collateral ; and that without the concurrence of all these elements appellant would not have received the money advanced, executed the notes in question and entered into the transaction.

The legal effect of the averments contained in the affidavits of defense, is that the inducement which caused the appellant to accept the loan, execute the notes and make the assignment, was the agreement by appellee that the loan should be repaid out of the immediate profits derived from the sale of umbrella tubes. It is clearly competent for parties to contract for the payment of an obligation out of a particular fund and in a particular manner: Chambers v. Jaynes, 4 Pa. 39 ; Sartwell v. Wilcox, 20 Pa. 117 ; Creery v. Thompson, 26 Pa. Superior Ct. 511 ; Wharton on Contracts, sec. 598.

There can be no doubt that a good defense is made out by the facts stated in the affidavits, unless the rule contended for by appellee is held to be applicable; that is to say, appellant cannot take advantage of the alleged contemporaneous agreements in writing because they in effect contradict the notes upon which suit is brought. Wharton v. Douglass, 76 Pa. 273 ; Lee v. Longbottom, 173 Pa. 408 ; Fuller v. Law, 207 Pa. 101, are relied on to support this contention. We do not question the correctness of the rule laid down in these cases, but the facts relied on to sustain it are entirely different from those in the case at bar. As was stated by Mr. Justice WILLIAMS in Coal and Iron Company v. Willing, 180 Pa. 165 : "The existence of a contemporaneous parol agreement between the parties, under the influence of which a note or contract has been signed, may always be shown when the enforcement of the paper is attempted." To the same effect is Keough v. Leslie, 92 Pa. 424 ; Martin v. Kline, 157 Pa. 473 ; Martin v. Fridenberg, 169 Pa. 447.

In the case at bar, however, the appellant does not rely on a parol agreement, but sets up an agreement in writing in support of his contention that the notes were to be paid out of a particular fund. The notes in question and the written agreements providing the manner of payment make up the whole contract between the parties, if the averments in the affidavits of defense are true, and we must so treat them in the disposi-

tion of the question raised on this appeal.    This is not in conflict with the cases cited by appellee, because the agreement set up is not wholly inconsistent with the terms of the notes. The execution of the notes is acknowledged, the amount advanced admitted, but it is averred that " the amount advanced (is) to be paid back to me from the proceeds of the profits derived from the sale of umbrella tubes made."    This only affects the manner of payment and specifically designates a source from which a fund is to be derived for the payment of the notes.    If this was the agreement of the parties, they are bound by their own covenants.    Certainly the facts averred are sufficient to put the parties to their proof on a trial before the jury.

Judgment reversed with a procedendo.