## Commonwealth Title, etc., Co, v. Folz, Appellant.

*Evidence—Parol evidence to vary written agreement.*

In an action on a written agreement an affidavit of defense is insufficient which merely sets forth the terms of an alleged contemporaneous parol agreement without any averment that the parol agreement had been omitted from the written instrument by fraud, accident or mistake, or that the parol agreement had induced the signature to the written contract in such a degree that without it the latter would not have been signed.

In an action upon a written agreement by which the defendant agreed to be responsible to a certain amount for the completion of a building operation, and that the plaintiff, a trust-company, was to retain as security certain shares of stock which had been delivered to the plaintiff by the de-

fendant, as an indemnity against loss on a policy issued by the plaintiff " to insure completion and against liens " on another building, an affidavit of defense is insufficient, which merely avers a contemporaneous parol agreement to the effect that the amount mentioned in the written contract should be paid out of the proceeds of the stock, or upon its return to the defendant, and that the defendant should not be called upon for payment, unless the stock was required and exhausted as indemnity on the policy issued by plaintiff but without alleging that the plaintiff had received the proceeds of the stock, free from liability on account of the policy.

Argued Oct. 9, 1901. Appeal, No. 15, Oct. T., 1901, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1900, No. 848, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth Title Insurance and Trust Company v. Leon H. Folz. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a contract of indemnity.

The averments of the plaintiff's statement of claim and of the affidavit of defense sufficiently appear by the opinion of the Superior Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*David J. Myers,* for appellant, cited: Horner v. Horner, 145 Pa. 258; Kern v. Kaffel, 1 W. N. C. 105; Shepler v. Scott, 85 Pa. 329; Barnhart v. Riddle, 29 Pa. 92; Lippincott v. Whitman, 83 Pa. 244; Martin v. Fridenberg, 169 Pa. 447.

*M. Hampton Todd,* for appellee, cited: Commonwealth v. Snyder, 1 Pa. Superior Ct. 286; Marshall v. Marshall, 53 Pa. 396; Blackburn v. Ormsby, 41 Pa. 97; Bardsley v. Delp, 88 Pa. 420; Phillips v. Meily, 106 Pa. 536.

OPINION BY SMITH, J., January 21, 1902:

This action is founded on a written agreement, signed by the defendant, of the following tenor:

" I hereby agree to be responsible to the am't of five hundred dollars for the completion of premises Nos. 4331–4333 & 4335

Chestnut St.—the shares of stock now held by this company belonging to me to be retained as security for the above."

The stock referred to had previously been delivered to the plaintiff by the defendant as an indemnity against loss on a policy issued by the plaintiff (No. 11820) "to insure completion & against liens" on another building.

It is immaterial, for the purposes of this case, whether the plaintiff's liability on this policy has terminated, and the defendant therefore entitled to a return of the stock. By the agreement on which suit is brought, the stock was still to be retained by the plaintiff "as security for the above." The only question to be determined is whether the affidavit of defense adequately avers a contemporaneous parol agreement modifying the written contract.

The agreement asserted by the defendant, as collected from detached allegations in the affidavit, was that the $500 mentioned in the written contract should be paid out of the proceeds of the stock, or upon its return to the defendant, and that the defendant should not be called on for payment unless the stock was required and exhausted as indemnity on policy No. 11820. There is, however, no allegation that the proceeds of the stock had come to the hands of the plaintiff, free from liability on account of the policy referred to, and that the obligation assumed by the defendant had thus been met.

Such a parol agreement is in contradiction of the written contract, by which the defendant absolutely agrees to be responsible to the amount of $500, and the stock is merely to be retained as security therefor.

The conditions under which a written instrument may be varied by parol are well settled. (1) The parol agreement must have been omitted by fraud, accident or mistake; or (2) it must have induced the signature to the written contract, in such a degree that without it the latter would not have been signed; or (3) the circumstances must be such that the enforcement of the written contract would be a fraud on the opposite party. The existence of the parol contract, and of the conditions under which it may be proved, are alike in importance; the former can be shown only when the existence of the latter is established. And when such an agreement is alleged, the conditions that make it admissible must be set forth. The aver-

ments of an affidavit of defense are, in effect, a statement of what the defendant offers to prove. When the defendant, on trial, offers to prove a contemporaneous parol agreement, in order to change the effect of a written instrument, his offer must embrace the conditions that entitle him to make this change.

On this point, the affidavit before us is fatally defective. It alleges nothing but a parol agreement, and in point of precision its statement of this is faulty. It has not a word respecting the conditions that make the alleged parol agreement admissible to vary the written contract. An offer of evidence, in the terms of the defendant's allegations, would unquestionably be insufficient. Those allegations are equally inadequate as a reply to the plaintiff's declaration. It follows that judgment was properly entered for want of a sufficient affidavit of defense.

Judgment affirmed.