## Myers *v.* Kipp, Appellant.

*Practice, C. P.—Affidavit of defense—Parol contemporaneous agreement.*

In an action upon a duebill an affidavit of defense is insufficient which sets up a collateral contemporaneous agreement to the effect that if a certain fund in the hands of the plaintiff was sufficient to pay certain parties for whom he was trustee, the duebill was not to be paid, with an averment that the said persons had been paid from the said fund. In such a case the affidavit assumes (1) that the plaintiff, or some one having authority to speak for the parties for whom he was trustee had made the agreement, and (2) that the alleged contemporaneous agreement was the inducement for the execution of the paper, without which it could not have been signed. Both of these facts are essential facts, and must be positively averred, and not left to inferences.

An affidavit of defense must be complete and explicit in setting forth the essential elements of the defense, whether legal or equitable, and there are no cases in which this rule has been, or ought to be more rigidly enforced than where, in defense to an action upon an instrument for the payment of money at, or within a certain time, it is alleged that there was a contemporaneous parol agreement, that in a certain contingency the promisor should not be required to pay.

Argued Oct. 11, 1901. Appeal, No. 34, Oct. T., 1901, by defendant, from order of C. P. No. 2, Phila. Co., Dec. T., 1900, No. 132, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of David J. Myers v. Burton E. Kipp. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit upon a duebill.

The duebill is quoted in the opinion of the Superior Court.

The defendant filed the following affidavit of defense:

Burton E. Kipp, being duly sworn according to law, deposes

and says that he has a just and true defense to a part of the plaintiff's claim, of the following nature and character, to wit:

Defendant avers and expects to be able to prove, that David Jay Myers, who sues in this action as trustee, is in this action trustee for Jacob G. DeTurck, J. Gibson McIlvalue, estate of Daniel Buck, deceased, and Henry A. Clark.

That about in the year 1895, by reason of certain representations and promises made by the said Clark to this defendant, this defendant subscribed to ten shares of the capital stock of the Hamilton Furniture Company, of the par value of $500, and paid therefor into the treasury of the said corporation the sum of $500.

That the said Clark guaranteed to defendant that he would in the event of said corporation becoming insolvent or getting into difficulty by reason of which the said money so paid in by the defendant would be lost, reimburse this defendant said sum of $500. That with the exception of the $500 paid in by this defendent, the said Clark owned substantially all the stock of the Hamilton Furniture Company, although the said stock was put in the names of other persons for the purpose of concealing it from the creditors of the said Clark.

The Hamilton Furniture Company having become insolvent, and it being largely indebted to said DeTurck, McIlvaine and Buck, an arrangement was entered into between the said Clark and the said DeTurck, McIlvaine and Buck, to wit: in April, 1899, whereby the defendant at their request purchased at a trustee's sale in bankruptcy the assets of the said company, consisting largely of raw material and unfinished furniture, which, under the arrangement above mentioned, was to be manufactured and sold, and the money so derived by said manufacture and sale was to be applied as follows: First, to the repayment of all advances which the said DeTurck, McIlvaine and Buck should make in the purchase of said material and in the manufacture thereof; second, to the payment to the said DeTurck, McIlvaine and Buck of the indebtedness due from the Hamilton Furniture Company to them respectively; and lastly, all received in excess thereof should be paid over to the said Henry A. Clark.

That the said combination or trusteeship traded and was known by the name of the Girard Furniture Company.

On or about June 5, 1899, the said Henry A. Clark, by David Jay Myers, trustee, the plaintiff in this present suit, repaid to defendant the $500 in cash which he, defendant, had previously invested at the request of the said Clark in the stock of the Hamilton Furniture Company. As it was not then absolutely known or ascertained what money, if any would be paid to the said Henry A. Clark, after the manufactured goods had been sold under the arrangement as then made, your defendant was requested to give, and did give the note or duebill upon which suit is brought as a memorandum note to be held by the trustee until the money advanced by DeTurck, McIlvaine and Buck, and the indebtedness due them respectively from the Hamilton Furniture Company should be repaid in full, after which the said note was to be returned and surrendered to your defendant; there being, however, included in the note given by defendant at that time, the sum of $346.50, representing wages advanced to your defendant, and which the trustee expected to receive in the distribution of the assets of the Hamilton Furniture Company in the bankruptcy proceedings; and defendant assigned his claim for salary to plaintiff at the time when the money was so advanced to him.

That the said plaintiff has received $125 of said moneys, which is the credit allowed in plaintiff's statement filed; and defendant admits that he is liable to pay the $346.50, less the $125, or the sum of $221.50, which he is ready and willing to pay.

Defendant avers that after the advances made by DeTurck, McIlvaine and Buck, and the claims of the said DeTurck, McIlvaine and Buck against the Hamilton Furniture Company were paid in full, that then and in such case all claim for that portion of the note in suit representing said sum of $500. so. paid to defendant by the said Clark on account of his guarantee above mentioned should be cancelled, and the said note was to be returned to defendant upon the payment by him of any amount which might be due on that portion of the note representing the sum of $346.50, wages advanced by said plaintiff, trustee, at the time when the said note was given.

Defendant further avers that all the advances made by De-Turck, McIlvaine and Buck were paid in full; and that he is informed and believes that all the claims by DeTurck, Mc-

Ilvaine and Buck respectively against the Hamilton Furniture Company were paid in full, and that there remained a considerable balance, which is to be paid, or has been paid, to the said Henry A. Clark, said balance amounting to about $15,000.

Defendant further avers that the time mentioned in the note for its payment was fixed at eighteen months at the suggestion of the parties upon the statement of the plaintiff who had been selected to act as trustee, that within that time he would have the entire matter fixed up and ended.

Defendant further avers that books and papers relative to the Hamilton Furniture Company and the Girard Furniture Company are in the possession or under the control of the plaintiff, or those for whom he is trustee; and defendant is unable to set forth the amount paid to said DeTurck, McIlvaine and Buck, and paid or to be paid to the said Clark, with greater accuracy than as above set forth; but defendant avers and expects to be able to prove that DeTurck, McIlvaine and Buck have been paid in full under said arrangement or agreement; and defendant is entitled to receive back the note in suit and the collateral accompanying the same, upon payment of the sum above mentioned and admitted by him as due.

*Error assigned* was the order of the court.

*Wayne P. Rambo,* with him *John O. Bowman,* for appellants.—The agreement, although resting in parol, was a contemporaneous, inducing agreement, and hence can be proven. The writing can be explained by such an agreement, or changed or varied: Breneman v. Furniss, 90 Pa. 186; Hoopes v. Beale, 90 Pa. 82; Michigan Mut. Life Insurance Co. v. Williams, 155 Pa. 405; Fischer v. Dalmas, 173 Pa. 296; Clinch Valley Coal and Iron Co. v. Willing, 180 Pa. 165; Michigan Mut. Life Ins. Co. v. Williams, 155 Pa. 405; Hill v. Ely, 5 S. & R. 363.

*Henry S. Callaway,* with him *David Jay Myers,* for appellee.—To be sufficient to prevent summary judgment an affidavit of defense must contain all the facts necessary to constitute a legal answer to the statement of claim, and the omission thereof cannot be supplied by possible inferences from the

facts which are stated: Class v. Kingsley, 142 Pa. 636; Erie
City v. Butler, 120 Pa. 374; Phillips v. Meily, 106 Pa. 536;
Hacker v. National Oil Refining Co., 73 Pa. 93; Heist v. Hart,
73 Pa. 286.

OPINION BY RICE, P. J., May 22, 1902:

This is an appeal from a judgment for want of a sufficient af-
fidavit of defense in an action upon the following instrument
for the payment of money: "Philadelphia, June 5, 1899. Due
D. J. Myers, trustee, eight hundred and forty-six dollars and
fifty cents, payable at any time within eighteen months. To
secure which I have deposited nine shares of the capital stock
of the Sikes Company on which I have reserved the right to
vote. Payable with interest." The affidavit of defense al-
leges, inter alia, that "your defendant was requested to give
and did give the note or duebill upon which suit is brought as
a memorandum note to be held by the trustee until the money
advanced by DeTurck, McIlvaine and Buck, and the indebted-
ness due them respectively from the Hamilton Furniture Com-
pany should be repaid in full, after which the said note was to
be returned and surrendered to your defendant."

The appellants' counsel state the question involved in the
appeal as follows: Is parol evidence admissible to show a col-
lateral contemporaneous agreement upon the faith of which a
duebill was executed; such agreement being to the effect that
if a certain fund in the hands of the plaintiff, a trustee, was
sufficient to pay certain parties for whom he was trustee, the
duebill was not to be paid, but was to be paid only if the said
fund was not sufficient to pay said parties; to be followed by
proof that the said persons had been paid from the said fund in
the said plaintiff's hands as trustee, thereby showing that the
contingency has arisen upon which the duebill was not to be
paid?

An affirmative answer to the foregoing question does not nec-
essarily involve a reversal of this judgment. The proposition
as stated by counsel assumes two essential facts: first, that the
plaintiff, or some one having authority to speak for the parties
for whom he was trustee, promised and agreed that in a certain
contingency the defendant should not be required to pay the
sum he admittedly received; second, that the alleged contem-

poraneous agreement was the inducement for the execution of the paper, without which it would not have been signed. But the first mentioned fact is not positively and unequivocally averred in the affidavit of defense, nor is that fact, namely, that the collateral promise or agreement was made by the plaintiff or some one having authority to speak for the parties for whom he was trustee, the necessary and only possible inference that can be drawn from the facts alleged. And it is scarcely necessary to say that evidence of promises made by some other person, as, for instance, promises made by Clark alone, would not be admissible to vary the terms of the contract.

As to the second fact the affidavit is silent; that is, it does not allege that it was upon the faith of the agreement the due-bill in suit was signed. "This is essential to the admission of parol evidence of an agreement to vary materially or contradict a written contract:" Callan v. Lukens, 89 Pa. 134. Even if it be conceded that on the trial the defendant would not be permitted to testify that the oral agreement was the inducement without which the written one would not have been signed, but that this would be for the determination of the jury from what was said and done at the time—but see Commonwealth v. Julius, 173 Pa. 322, and cases there cited—it is nevertheless clear that the fact is an essential part of the defense and must be distinctly averred in an affidavit of defense. It is not sufficient to aver facts from which a jury may possibly infer it. This principle has been recognized in other pleadings : Clark v. Partridge, 2 Pa. 13, and cases there cited. See also Wodock v. Robinson, 148 Pa. 503. It applies with equal reason to affidavits of defense. " It is too well settled to need citation of authorities that the affidavit must contain all the facts necessary to make a legal answer to the claim, and that their omission cannot be supplied by possible inference. . . . It is a reasonable and salutary rule which requires that the facts relied on as a defense shall be plainly stated in the affidavit, that the court may judge of their legal effect as an answer to the claim. While technical precision in the statement of the facts is not demanded, a plain and intelligible averment is necessary : " Class v. Kingsley, 142 Pa. 636. An affidavit of defense must be complete and explicit in setting forth the essential elements of the defense, whether legal or equitable, and there are no cases in which this rule has

been or ought to be more rigidly enforced than where, in defense to an action upon an instrument for the payment of money at or within a certain time, it is alleged that there was a contemporaneous parol agreement that in a certain contingency the promisor should not be required to pay. The rule as to this class of cases, as established by the decisions, has been correctly stated as follows: But wherever a parol agreement is relied upon, the agreement and all material circumstances connected with it must be set out with great clearness and particularity, and none of the allegations required to make it effective must be left to inference: 1 P. & L. Dig. of Dec. Col. 203. "The existence of the parol contract, and of the conditions under which it may be proved, are alike in importance; the former can be shown only when the existence of the latter is established. And when such an agreement is alleged, the conditions that make it admissible must be set forth:" Commonwealth Title Ins. & Trust Co. v. Folz, 19 Pa. Superior Ct. 28. We are of opinion that the affidavit is defective in both of the essentials above referred to, and therefore that the court did not commit error in entering judgment for the plaintiff, "without prejudice to the right of the defendant to file a bill for an account." This it seems to us preserved to the latter any equitable rights that he may have.

Judgment affirmed.

DISSENTING OPINION BY SMITH, J.

The essential matters of defense alleged in the affidavit, briefly summarized, are the following: The defendant invested $500 in the stock of the Hamilton Furniture Company, upon a guaranty by Clark, who owned substantially the remainder, of indemnity should the investment result in a loss. The company afterward went into bankruptcy. Its assets were purchased under an arrangement whereby they were to be converted into cash, certain debts paid from the proceeds, and any surplus remaining paid to Clark. In carrying out this arrangement, the plaintiff, Myers, acted as trustee for the parties interested. Pending the conversion into cash, and before the sufficiency of the assets to meet the preferred claims was ascertained, Clark, through Myers, repaid to the defendant the $500 invested in the stock. Myers also advanced to the de-

fendant the further sum of $346.50 due him for wages as an employee of the furniture company; though as to this item no defense is made beyond a credit admitted by the plaintiff. To provide against a failure to pay the preferred debts from the assets, the due bill in suit was given, with a pledge of stock as collateral. The instrument was made payable in eighteen months, a period deemed sufficient to complete the conversion of the assets into cash. Should this fund be enough to meet the preferred debts, the due bill was to be surrendered.

Were this all that is alleged in the affidavit, it would present no defense. Up to this point, the case corresponds, in substance, to that of Com. Title Ins. Co. v. Folz, referred to in the opinion of the court. Following this, however, in the present case, a feature of the defense appears which is totally absent in the case of Com. Title Ins. Co. v. Folz. The affidavit further alleges that the assets of the furniture company proved sufficient to pay the preferred debts, and to yield a surplus of more than $15,000, which had been paid, or was to be paid to Clark; and that the due bill, therefore, pursuant to the agreement under which it was given, should be surrendered.

In strictness, this is not an allegation of a parol agreement contradicting or qualifying a written contract. It is, in effect, an allegation that payment has actually been made in accordance with a parol agreement, and that, by such payment, the written contract is discharged, and the obligation arising from it at an end. According to the affidavit, it was not an indebtedness contracted by the defendant, but a payment to him, provisionally, of a debt due him from Clark, the party beneficially interested in the premises, that formed the consideration of the instrument in suit; this payment being made subject to recall, if necessary, to meet the preferred debts mentioned, should the assets of the furniture company prove insufficient. The affidavit alleges that these debts have been fully paid from the assets of the furniture company; hence, that the payment to him, provisionally made, has become absolute, and that the due bill no longer represents any obligation to be performed by him. This is the plain meaning of the affidavit.

It is unnecessary to consider the representations, promises and guaranty alleged to have been made by Clark, since it

clearly appears, from the affidavit, that he recognized his liability as guarantor, and consented to the payment of $500 to the defendant in its discharge, subject to recall should the insufficiency of the assets of the furniture company make it necessary. As to the person by whom the agreement for the surrender of the due bill was made, it is obvious that when two persons are described as contracting parties, and an agreement is alleged, this necessarily implies that such agreement was made between the contracting parties, and that any promise alleged, relative to the subject-matter of the contract, was made by one or the other of the contracting parties. Hence a promise for the benefit of the defendant, in the transaction described in the affidavit, must necessarily have been made by Myers, the other contracting party, even if this is not directly averred. As to the authority of Myers in the premises, since he had authority to pay the money to the defendant, and take, at his discretion, a security for its return if required, there is an evident presumption that he had like authority to provide, at his discretion, for the surrender of the security upon the happening of a contemplated event, viz: the payment of the preferred debts from the assets of the furniture company. Indeed, such a promise was scarcely necessary, assuming, as we must, the truth of the matters set forth; since the money paid to the defendant was really due him, and the only consideration for the due bill was the possible need of the money thus paid to meet the preferred debts should the assets prove insufficient for that purpose.

I do not regard the case as one of the class in which it must appear that the parol agreement induced the execution of the written one. It belongs rather to the class in which the enforcement of the written contract, in violation of the parol agreement, would be a fraud on the defendant. Under the circumstances set forth in the affidavit, the enforcement of the due bill would be a manifest fraud on the defendant. While recovery would not be barred by a parol agreement to the contrary, without more, the actual discharge of the obligation under the terms of such agreement, and in the manner therein provided, as described in the affidavit, would be a full defense.

The defense thus set up is of an equitable nature. Under our system of enforcing equitable rights in suits at law, an

equitable defense may be maintained without resort to a court of equity.    Under the plea of payment, with leave, etc., and notice of special matter pursuant to rule of court, the defendant may give in evidence any equitable defense; and, if he can make out a case on which he would be entitled to relief in equity, he will be entitled to a verdict.   It is needless to cite authority for principles so long established in our jurisprudence.

As to sufficiency with respect to form and phraseology: "It is not necessary that an affidavit of defense should be drawn with so much nicety that no critical skill can suggest an objection; but if it sets forth substantially a good defense it should be supported:" Thompson v. Clark, 56 Pa. 33.   In substance the affidavit before us sets forth a good defense, and in form it exhibits no material defect.   It should therefore have been sustained.

I would reverse the judgment and award a procedendo.