## Patton *v.* Fox, Appellant.

*Promissory notes—Affidavit of defense—Parol agreement—Set-off.*

A contemporaneous agreement, in order to avail the maker of a note, must not only be the basis of its execution, but it must be explicitly set forth as the moving cause to induce the execution of the written contract, and the circumstances must be such that the enforcement of the contract would be a fraud on the maker.

In an action upon a promissory note of the usual form the defendant filed an affidavit of defense as follows: " At the time of the execution of this note it was agreed by and between the plaintiff and defendant that the said note should be renewed by the plaintiff for the period of three months from maturity, so that the time of payment would be July 7, 1902, and, therefore, all claim of interest would be from that time. Deponent signed the note based on this agreement. This note was given as a part settlement of a joint account between the parties, and at the time the agreement was made as to the extension, it was not known whether the plaintiff herein would be the maker or the payee." *Held,* that the affidavit of defense was insufficient to prevent judgment.

Argued Dec. 12, 1902. Appeal, No. 203, Oct. T., 1902, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1902, No. 1809, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Robert A. Patton v. Frederick S. Fox. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

416, (1903).]  ·  Statement of Facts—Opinion of the Court.

Rule for judgment for want of sufficient affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of sufficient affidavit of defense.

*Morton Z. Paul*, for appellant.

*Ira Jewell Williams*, with him *Simpson & Brown*, for appellee.

OPINION BY ORLADY, J., March 12, 1903:
The note in suit is as follows:—

"$356.50.              · ·              PHILADELPHIA, Jan. 7, 1902.
"Three months after date I promise to pay to the order of Robert A. Patton three hundred and fifty-six 50/100 dollars at 1308 South 16th St. without defalcation for value received.
                                        "FREDERICK S. FOX."

The defendant admits the execution of the note, and as a defense to its payment sets out a contemporaneous agreement, as follows: "At the time of the execution of this note it was agreed by and between the plaintiff and defendant that the said note should be renewed by the plaintiff for the period of three months from maturity, so that the time of payment would be July 7, 1902, and, therefore, all claim of interest would be from that time. Deponent signed the note based on this agreement. This note was given as a part settlement of a joint account between the parties, and at the time the agreement was made as to the extension, it was not known whether the plaintiff herein would be the maker or the payee." There were also other matters of set-off which grew out of joint transactions and accounts between the parties.

The affidavit of defense contradicts the express terms of the note, and relates to facts which must have been known by the maker prior to the date of the note. It is not suggested that fraud, accident, or mistake affected its execution. A contemporaneous agreement, in order to avail the maker of a note, must not only be the basis of its execution but it must be explicitly set forth as the moving cause to induce the execution of the written contract, and the circumstances must be such

VOL. XXII—27

that the enforcement of the contract would be a fraud on the maker. It is not sufficiently set forth that the settlement of the joint transactions and accounts between the parties would result in a balance in favor of either, and an investigation would involve the settlement of complicated and unsettled joint accounts, and, as presented, cannot be used as a set-off: Wolf v. Rosenbach, 2 Pa. Superior Ct. 587; Martin v. McCune, 8 Pa. Superior Ct. 84; Commonwealth Title, etc., Co. v. Folz, 19 Pa. Superior Ct. 28; Myers v. Kipp, 20 Pa. Superior Ct. 311.

The judgment is affirmed.