## Tranter Davison Manufacturing Company *v.* Pittsburg Trolley Pole Company, Appellant.

*Evidence—Parol evidence—Affidavit of defense—Contract.*

In an action to recover the price of a boiler sold and delivered, the plaintiff set up a written agreement by which the boiler was to be delivered f. o. b. cars at place of plaintiff's business within thirty days of receipt of acceptance of order. The contract also provided that " there are no understandings or agreements outside of this written contract and the acceptance of the machinery when delivered is understood to constitute a waiver of all claims or damages by reason of any delay." The defendant's affidavit of defense admitted the delivery of the boiler and acceptance thereof, but averred that there was a contemporaneous oral agreement that it was to be delivered at the defendant's place of business within thirty days after the acceptance of the offer, that time should be of the essence of the contract, that the boiler was not delivered within the time specified and defendant sustained damages exceeding the price of the boiler. There was no averment that the oral agreement had been omitted from the written one by fraud, accident or mistake. *Held,* that the affidavit of defense was insufficient to prevent judgment.

Submitted April 14, 1903. Appeal, No. 94, April T., 1903, by defendant, from order of C. P. No. 1, Allegheny Co., Dec. T., 1902, No. 900, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Tranter Davison Manufacturing Company v. Pittsburg Trolley Pole Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for a boiler sold and delivered.

The affidavit of defense was in part as follows:

Affiant admits that on May 3, 1902, a contract was entered into between the affiant, representing the defendant company, and the plaintiff company, but denies that the alleged copy attached to plaintiff's statement is a true and correct copy of the original contract entered into whereby the boiler was subsequently delivered to the defendant company. The clause in the said contract under the head of " Delivery," should read " Above to be delivered in good shipping order, f. o. b. cars Dayton, Ohio, freight allowed to Pittsburg, within thirty days of receipt of acceptance of this proposition, subject to delays caused

by labor troubles or other causes beyond our control," instead of reading as it does in the copy attached to plaintiff's statement, as it was expressly agreed by and between your affiant and the agent of the plaintiff company that the said boiler and all other items mentioned in the said contract attached to plaintiff's statement was to be delivered at the defendant company's place of business, No. 111 Water street, Pittsburg, Pennsylvania, within thirty days of acceptance thereof, to wit: May 3, 1902, and it was distinctly understood and agreed that the said written contract should, and the plaintiff and affiant avers it did contain the stipulation that the said boiler apparatus and machinery were to be delivered on or before June 3, 1902.

Wherefore, affiant denies that the plaintiff company performed or complied with its said contract in its most material respect, to wit: the delivery of the said boiler, etc., at the time the said contract was made. The urgency and necessity of the delivery of the boiler within thirty days of the date of its acceptance was impressed upon the agent of the plaintiff company and it was verbally and contemporaneously agreed that time should be of the essence of the contract, and that any failure upon the part of the plaintiff company to deliver said boiler would deprive the defendant company of the use and benefit of its machinery and its business.

Affiant avers that all other contracts for the beginning of operations were made with a view of having the power to move the machinery of the new plant on the ground at the date of the time fixed for the delivery of the said boiler, and affiant furthers aver that on June 3, 1902, the date fixed for the said delivery of the boiler, all the apparatus and machinery for the operation of the defendant company's plant for various manufacturing purposes was ready for the power which could only be put in operation by the use of the said boiler.

Affiant avers that on the said date the plaintiff company failed to comply with said agreement and continued to fail, although repeatedly notified that such was the contract, until July 28, 1902, and, as a result of the failure to deliver said boiler, the defendant company's entire plant was useless, as the defendant company was unable to operate the same without the power which was to be derived from the said boiler.

That by reason of the failure, as aforesaid, of the plaintiff

48   DAVISON MFG. CO. *v.* TROLLEY POLE CO., Appellant.

company to comply with the said contract the defendant company was damaged in loss, etc.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*L. K. & S. G. Porter*, for appellant, cited: Ludington v. North, 141 Pa. 184; Steiner v. Bartlett, 2 Pa. Superior Ct. 4.

*F. R. Stoner*, for appellee, cited: Wodock v. Robinson, 148 Pa. 503.

OPINION BY RICE, P. J., May 22, 1903:

This action was brought to recover the price of a boiler sold and delivered to the defendant under a written contract, which, according to the defendant's allegation, contained the following clause under the head, "Delivery." "Above to be delivered in good shipping order, f. o. b. cars Dayton, Ohio, freight allowed to Pittsburg, within thirty days of receipt of acceptance of the proposition, subject to delay caused by labor troubles or other cause beyond our control." There is no denial in the affidavit of defense that the boiler was delivered to and retained by the defendant, or that it conformed to the specifications; nor is there any dispute as to the price. But it is alleged that there was contemporaneous oral agreement that it was to be delivered at the defendant's place of business in Pittsburg within thirty days after the acceptance of the plaintiff's offer, that time should be of the essence of the contract, and that in consequence of the failure to deliver at Pittsburg within the time the defendant sustained damages exceeding the price of the boiler. The primary objection to the affidavit is that the parties put their agreement as to the time and place of delivery in the written contract, and then out of abundant caution stipulated as follows: "There are no understandings or agreements outside of this written contract and the acceptance of the machinery when delivered is understood to constitute a waiver for all claims or damages by reason of any delay." The effect of admitting in evidence the oral agreement set up in the affidavit would be, not merely to supplement the writing upon a subject as to

which it was silent, but to vary and contradict it. It was, therefore, not sufficient to allege the oral agreement and the breach thereof; it was absolutely essential to allege the conditions under which such proof is admissible. "The existence of the parol contract, and of the conditions under which it may be proved, are alike in importance; the former can be shown only when the existence of the latter is established. And when such an agreement is alleged, the conditions that make it admissible must be set forth:" SMITH, J., in Commonwealth Title Ins. & Trust Co. v. Folz, 19 Pa. Superior Ct. 28. See also Wodock v. Robinson, 148 Pa. 503, and Myers v. Kipp, 20 Pa. Superior Ct. 311. The affidavit does not conform to this well settled rule; therefore, the rights and duties of the parties are to be determined by the written contract, in which, as we have seen, it was expressly stipulated that acceptance would constitute a waiver of all claims or damages for delay. And, as delivery and unconditional acceptance of the boiler are admitted, and there is no clear, distinct and unequivocal allegation of failure to deliver at the time and place designated in the contract, we all agree that the plaintiff was entitled to judgment for the stipulated price. Possibly the facts alleged in the affidavit would furnish strong ground for belief that the boiler was not delivered to the carrier within thirty days; but the fact is not distinctly alleged as it might and ought to have been if it existed. In view of the foregoing conclusions it is unnecessary to discuss the question as to the proper measure of damages for failure to deliver within the time specified, or the question of practice where it is alleged that there is a discrepancy between the original and the copy of the contract attached to the plaintiff's statement. Upon the defendant's own showing it has presented no valid defense or right of set-off to the plaintiff's claim.

Judgment affirmed.