# Hitchner Wall Paper & Paint Company *v.* Shoemaker, Appellant.

*Negotiable instruments—Notes given for merchandise—Failure of consideration—Renewal notes—Defenses.*

One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration of the original note, or of false representations by the payee, waives such defense and cannot set it up to defeat or reduce a recovery on the renewal note.

In a suit on certain promissory notes, given as renewals for notes given for lumber furnished by the plaintiff to the defendant, a defense of failure of consideration, because of defects in the quality of the lumber, cannot be raised, where it appears that the defendant discovered the quality of the lumber before the original notes had matured, and subsequently delivered the renewal notes.

*Corporations—Foreign corporations—Doing business in Pennsylvania—Registration.*

A corporation which maintains an office in Camden, N. J., fills all orders from its Camden plant, and delivers goods therefrom

into Pennsylvania by a motor truck, is not doing business in Pennsylvania, even if it does solicit orders in that state, and is listed in the Philadelphia telephone directory.

Argued October 21, 1920.    Appeal, No. 61, Oct. T., 1920, by defendant, from judgment of Municipal Court of Philadelphia, Dec. T., 1918, No. 776, in favor of plaintiff in case tried by the court without a jury, in suit of Hitchner Wall Paper and Paint Company, a Corporation, v. Samuel Shoemaker.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Assumpsit on promissory notes.    Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for plaintiff in the sum of $170.    Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal of defendant's motion for judgment non obstante veredicto.

*Ruby R. Vale,* for appellant.—The plaintiff is a foreign corporation and not registered in Pennsylvania: Ice Mfg. Co. v. Armour & Co., 12 Pa. Superior Ct. 443.

The defendant was entitled to prove the failure of the consideration for the notes: Adams v. Ashman, 203 Pa. 536; Campbell v. Sloan, 62 Pa. 481.

*Joseph K. Welling,* of *Sterling & Welling,* for appellee.

OPINION BY TREXLER, J., March 5, 1921:

First. Was the plaintiff a foreign corporation doing business in the State of Pennsylvania without a license? The learned trial judge was plainly right in holding that the plaintiff was not doing business within the

State. Its office and plant was located in Camden, New Jersey. It was listed in the Philadelphia telephone directory, but the telephone instrument was in Camden and connected with the Philadelphia exchange by a special cable, and the address given was the Camden address. Any call of the plaintiff was answered directly from the Camden office. The company maintained no office in Pennsylvania, and had no capital invested therein. Orders for goods were solicited by agents or salesmen in Pennsylvania and the orders were filled in Camden and delivered by trucks to points in Pennsylvania. The defendant takes the position that when the trucks and contents were within the State the plaintiff had capital invested therein. We know of no case that holds that goods in the course of delivery in another state constitutes capital in another state, in fact the contrary has repeatedly been held. See Mearshon & Co. v. Lumber Co., 187 Pa. 12; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Wolff Dryer Co. v. Bigler & Co., 192 Pa. 466. The case upon which the defendant relies is Ice Manufacturing Co. v. Armour & Co., 12 Pa. Superior Ct. 443. The facts in that case are essentially different from those before us. This court speaking through ORLADY, J., held that that case was not one of a mere sale of goods delivered in Pennsylvania, but that it was found as a fact that the property for which the plaintiff sought recovery had not been brought from another state. It appeared that the ice which was the subject of controversy was partly made in Camden and the remainder was made and sold within this State.

Second. These suits, which by agreement of counsel are to be considered together, were brought on four promissory notes, renewals of notes which had been given for lumber furnished by the plaintiff to Hoffman, Shoemaker the defendant being the endorser of the notes. Before the original notes matured the defendant alleges it was discovered that the quality of the lumber furnished was not as specified and that there was a

partial failure of consideration. There is no question as to the delivery of the lumber contracted for, but the quality of lumber called for by the specifications, which were not produced, was not furnished. When the defendant renewed the notes he failed to raise the objecttion as to the quality of the goods furnished. He claims the plaintiff promised to rectify the wrong and rebate on the price of the lumber by reason of the defect in the quality, but he failed to make an offer of proof, that upon the giving of the renewal notes such promise was made to him and induced him to sign them: Myers v. Kipp, 20 Pa. Superior Ct. 311; Patton v. Fox, 22 Pa. Superior Ct. 416. There is a distinct difference between the giving of the original notes and the renewals, for the defect in quality might not have been known to the defendant when the original notes were given but when the renewals were made he knew all about this matter.

Broadly stated, a renewal note is open to all defenses which might have been made against the original note. Where the defense is such that it can be and is cured by the renewal, it cannot be urged. The proposition is stated in 8 C. J. 444, "Thus, one who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or of false representations by the payee, etc., waives such defense and cannot set it up to defeat or to reduce a recovery on the renewal note." There are numerous cases cited in support of the proposition.

In the case of Adams v. Ashman, 203 Pa. 536, 540, relied upon by appellant, it will be noticed the note was procured through fraudulent representations, there was an entire failure of consideration, and the renewals asked for were to accommodate the payee of the note and wholly for his interest.

The assignments of error are overruled and the judgment is affirmed.