# Maglaughlin, Appellant, *v.* Union Electric Steel Co.

*Appeals—Affidavit of defense—Rule for judgment—Discharge of rule.*

The Supreme Court will not reverse an order discharging a rule for judgment for want of a sufficient affidavit of defense unless clear and controlling error appears; and, in dismissing the appeal, it will express no view on the issues involved.

Argued October 19, 1922.   Appeal, No. 206, Oct. T., 1922, by plaintiff, from order of C. P. Allegheny Co., Oct. T., 1921, No. 1445, discharging rule for judgment for want of a sufficient affidavit of defense, in case of J. W. Maglaughlin, Jr., v. Union Electric Steel Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Rule for judgment for want of sufficient affidavit of defense.   Before DOUGLASS, J.

The opinion of the Supreme Court states the facts.

Rule discharged.   Plaintiff appealed.

*Error assigned* was order, quoting it.

*William B. Secrist,* for appellant.

*Earl F. Reed,* with him *Thorp, Bostwick & Stewart,* for appellee.

PER CURIAM, January 3, 1923:

The court below refused judgment for want of a sufficient affidavit of defense and this appeal followed.

Plaintiff entered into an agreement to dismantle, remove from Greensburg and reconstruct at Carnegie, boilers belonging to defendant corporation, at cost plus 20%; this work was done, and defendant paid certain

amounts on account; May 26, 1921, by written "trade acceptance," defendant acknowledged its indebtedness to plaintiff in the sum of $3,640.11; September 28, 1921, $500 was paid on this amount; subsequently, plaintiff sued to recover the balance. Defendant alleged certain latent defects in plaintiff's work, but the latter contended that the trade acceptance precluded the setting up of these matters as a defense; the court below took the view that, since "the trade acceptance is still in the hands of the person to whom it was issued," the affidavit of defense was sufficient to prevent judgment. On appeals like the present, this court never reverses unless clear and controlling error plainly appears (Commercial Motors Mfg. Corp. v. Stephenson, 274 Pa. 171) ; and this we do not find. In such instances, "we express no view on the issues involved": Self v. Penna. Steel Co., 270 Pa. 226.

The appeal is dismissed.