## Campbell Coal & Coke Co., Appellant, *v.* Pennsylvania Railroad Co.

*Appeals—Affidavit of defense — Refusal of judgment — Clear error.*

1. The Supreme Court will not reverse an order refusing judgment for want of a sufficient affidavit of defense, unless clear and controlling error plainly appears.

*Practice, C. P.—Affidavit of defense—Averments to be taken as true.*

2. On a rule for judgment for want of a sufficient affidavit of defense, the averments of the affidavit must be taken as true.

*Contracts—Evidence — Construction of contract — Ambiguous writing—Extrinsic evidence.*

3. Where the determination of a cause depends upon the true construction of an ambiguous writing, relevant extrinsic evidence may be received for the purpose of resolving the ambiguity.

Argued November 26, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 216, Jan. T., 1926, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1925, No. 13019, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Campbell Coal & Coke Co. v. Pennsylvania Railroad Co.   Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.   Before STERN, J.

The opinion of the Supreme Court states the facts.

Rule discharged.   Plaintiff appealed.

*Error assigned* was order, quoting record.

*Henry Spalding*, of *Fell & Spalding*, for appellant.

*Francis Biddle*, of *Barnes, Biddle & Morris*, for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1927:

Plaintiff appeals from the discharge of its rule for judgment for want of a sufficient affidavit of defense. Under such circumstances "this court never reverses unless clear and controlling error plainly appears" (Maglaughlin v. Union Electric Steel Co., 276 Pa. 211, 212), and this we do not find in the present record.

Plaintiff shipped coal over the defendant railroad, the applicable tariff providing that "Upon evidence satisfactory to these [railroad] companies that coal shipped hereunder has been placed in vessels destined to places outside the Delaware Capes, or in naval vessels of the United States Government, an allowance of 27 cents per gross ton out of the rates specified will be made on such coal......" Alleging that it had paid the full tariff on the coal shipped by it, and that a large quantity thereof had been "placed in......naval vessels of the United States Government," plaintiff sued to recover the specified allowance thereon. The affidavit of defense denied that the delivery was to such vessels, and averred, on the contrary, that the coal was delivered to dredges "owned and operated by the United States Engineer Corps, a branch of the War Department of the United States Government."

Since, on the consideration of this rule, the averments of the affidavit of defense must be taken as true, it follows, under the principle first above stated, that the question we are called upon to decide is: Whether the dredges to which the coal was furnished, were naval vessels beyond all doubt. The character of the dredges is not stated, and we cannot know, as a matter of law,

what it was. If we were satisfied that the only way to determine the question at issue was by construing the clause above quoted, without extrinsic aid, we would proceed to do so; but we are not so satisfied. Rarely do such provisions "spring full armed from the head of Jove," and when they do, it is usually because of a compelling necessity, a knowledge of which throws great light on their meaning. Ordinarily, they are the result of a development of the subject, running through a series of years, and an acquaintance therewith may greatly aid in determining the purpose of the provision. Modern dredges are vessels, and if used by the Government in naval matters, may be "naval vessels of the United States Government." Only after all the relevant extrinsic evidence bearing on the issue has been produced, as it may be, can a just conclusion be reached: Simon v. Myers, 284 Pa. 3, 8.

To avoid further contention on the point, we add, we do not agree with defendant that, from the writing itself, it appears that the true construction of the clause excludes all vessels except such as are under the control of the Navy Department. The tariff does not say so, and we have neither inclination nor right to insert those words, especially as we know that there are naval vessels, such as mine-layers, which are under the jurisdiction of the War Department. In our government the functions of the various departments frequently overlap, but if naval vessels are under the control of some other department they are naval vessels notwithstanding. In our judgment, the test is in the use to which the vessel is put, no matter which department controls it.

The order of the court below is affirmed.