## Fleck-Marshall Company v. Lamparter.  No. 2.

*Andrew M. Frantz*, for rule; *Guy K. Bard* and *Amos E. Burkholder*, contra.

GROFF, J., Sept. 29, 1928.—We have before us a motion for judgment for want of a sufficient affidavit of defense. Plaintiff alleges in his statement that, "at the special instance and request of the defendant, or at the special instance and request of the duly authorized agent or agents of the defendant, [plaintiff] sold and delivered to the said defendant or to the duly authorized agent or agents of the defendant, upon premises owned by the defendant on Rockland Street, in or near the City of Lancaster, Pennsylvania, goods. . . ."

It will be noted by the above that plaintiff does not know if he sold the merchandise to the defendant or to one or more of his agents, nor does he know if the goods were delivered to the defendant or one or more of his agents. He does not even inform the defendant of the name of the alleged agent to whom he sold or delivered the merchandise.

And now he comes into court and asks the court to enter judgment for want of a sufficient affidavit of defense on the ground that the affidavit filed by defendant is vague, indefinite and does not specifically deny the allegations in plaintiff's statement, but denies them generally.

Section 8 of the Practice Act of 1915, P. L. 483, says: "It shall not be sufficient for a defendant in his affidavit of defense to deny generally the allegations of the statement of claim. . . but each party shall answer specifically each allegation of fact of which he does not admit the truth. . . ."

116

Section 17 of the Practice Act of 1915, P. L. 483, provides as follows: "The plaintiff may take a rule for judgment for want of a sufficient affidavit of defense to the whole or any part of his claim, and the court shall enter judgment or discharge the rule as justice may require."

We have examined the statement and the affidavit of defense and we feel that the averments in the affidavit of defense are specific enough to prevent judgment and are such that justice requires us to discharge the rule.

"On a rule for judgment for want of a sufficient affidavit of defense, the averments of the affidavit must be taken as true:" Campbell Coal and Coke Co. *v.* Pennsylvania R. R. Co., 288 Pa. 36.

We, therefore, discharge the rule.

Rule discharged.                    From George Ross Eshleman, Lancaster, Pa.