Sword Burners, Inc., Appellant, *v.* Vogel.

358

Argued October 10, 1928.

Before Por-
ter, P. J., Henderson, Trexler, Keller, Linn, Gaw-
throp and Cunningham, JJ.

*J. Maurice Gray,* for appellant.

*Abraham Berkowitz,* for appellee.

Opinion by Trexler, J., November 21, 1928:

The plaintiff installed an oil burner in the defendant's home. The latter paid the plaintiff $100 on account and gave a promissory note for the balance of $650, payable in one month. This note was not paid, but was thrice renewed and on the fourth note this suit was brought. The defendant, in his affidavit of defense, admits the execution of the last note, but avers that at the time the note was renewed, the plaintiff renewed the promise which had theretofore been given that they would repair the defective and faulty condition of the heater and that by reason of the failure to perform their promise, the defendant refused payment of the note and that the said sum is not due. The plaintiff moved for judgment for want of sufficient affidavit of defense. The court discharged the rule.

The appellant insists that whatever the defense might have been to the original note, when the defendant renewed the note, he waived the defense, citing

Hitchner Wall Paper Company v. Shoemaker, 75 Pa. Superior Ct. 520. The defendant in this case, however, seems to have followed the suggestion offered in the above case and stated in his affidavit that the renewal was coupled with the promise that the defect in the heater would be repaired. While the general proposition is true that the renewal of a note waives any defense which might have been made to the original note, the parties are not debarred from renewing and re-affirming their contract and attaching to the renewing of the note the same conditions as existed when the original note was given. This was the view that the judge of the lower court took and we think properly so. In Longacre v. Robinson, 274 Pa. 35, the Supreme Court states, "The court below found from this, defendant was not induced to execute the renewal by any promise made by the plaintiff; it was made with full knowledge of the facts, voluntarily and without reserving any right to him arising from the truck's defective condition. He thereby waived the defense of failure of consideration," and this court in Hitchner Wall Paper Company v. Shoemaker, supra, also pointed out that the defendant "failed to make an offer of proof, that upon the giving of the renewal notes such promise was made to him and induced him to sign them."

While the inducement may not have been set out by the defendant in his affidavit as clearly as it might be, he avers that the note upon which suit was brought was given under the same circumstances under which the original was given and as to the original, he distinctly states he was induced to sign the note relying on the promise of the plaintiff to repair the heater. It is only in clear cases that an order refusing judgment for want of sufficient affidavit of defense will be reversed (Campbell Coal & Coke Co. v. Pennsylvania R. R. Co., 288 Pa. 36) and this is not one of them.

The order discharging the rule is affirmed.