Glass Crafters v. Snyder, Appellant.

Argued October 27, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*I. Edward Prosen,* and with him *Hyman Shane,* for appellant.

*Abram P. Piwosky* of *Sacks & Piwosky,* for appellee.

OPINION BY STADTFELD, J., January 25, 1933:

This is an appeal by Aaron Snyder, defendant, from a judgment entered against him by the lower court for want of a sufficient affidavit of defense in an action brought against him by Glass Crafters, a corporation, on a promissory note in the sum of sixty-three dollars and fifty cents ($63.50) which was executed and given February 16, 1932, by the defendant, Aaron Snyder, to Max Sklar, payable forty-five days after its date.

Plaintiff's statement averred that it became the owner and holder of said note by endorsement before maturity for a valuable consideration in due course and without notice; that it was presented for payment to the defendant maker at maturity and payment was refused.

The affidavit of defense sets forth, inter alia, that there was a failure of consideration of which plaintiff had notice prior to the maturity of the note; that the note in suit was given in renewal of a note for like amount between the same parties, which had been similarly endorsed and delivered to the plaintiff; that the failure of consideration consisted in defective work under a contract dated November 10, 1930, between the maker of the note and the payee, Max Sklar, for the

doing of certain construction work upon the premises of the defendant at 1929 South Broad Street, Philadelphia. It further avers that the plaintiff, as a subcontractor of Sklar, did certain of the work comprising the installation of glass; that the note, in question was given by the defendant to the builder, Sklar, along with other notes in payment of the contract price, and one of the notes endorsed to the sub-contractor, plaintiff herein. It is on the renewal note that this suit is brought.

A rule for judgment for want of a sufficient affidavit of defense was made absolute by the lower court in an opinion by GABLE, J., and judgment entered in favor of plaintiff. From that judgment this appeal is taken.

As stated by the learned judge the affidavit of defense does not set forth the date upon which the original note was given, nor does it set forth when plaintiff had knowledge of the defective work which he avers constitutes the failure of consideration. It avers that "prior to the maturity of said note, or the institution of this suit, the plaintiff herein was apprised of said defective work, etc., etc." This is clearly insufficient.

Appellant relies on the case of Sword Burners, Inc. v. Vogel, 94 Pa. Superior Ct. 357. In that case the affidavit of defense averred that the original note was signed under the inducement of plaintiff's promise to repair the faulty and defective condition of an oil burner installed by plaintiff in defendant's house, also that plaintiff renewed his promise to repair the heater at the time the renewal note was signed. In addition the action was between the original parties. In the instant case the action is by endorsee for value and before maturity, and the affidavit of defense lacks the necessary averments to bring it within the principle cited. If the defendant knew of the defective condition of the work alleged to have been done by the plaintiff

before the time of the giving of the renewal note, he should, if warranted by the facts, have set up his defense at that time, and not having done so, he is held to have waived such defense: Hitchner v. Shoemaker, 75 Pa. Superior Ct. 520. As stated by Mr. Justice SCHAFFER in Warren National Bank v. Jamieson, 301 Pa. 45 (1930) p. 50: ''Under such circumstances he cannot set up the agreement antecedent to the renewals as a defense.'' To the same effect 8 Corpus Juris, 444.

The affidavit of defense is too indefinite to raise any issue of fact to be tried.

The assignments of error are overruled and judgment affirmed.